In the Matter of CITY SCHOOL DISTRICT OF THE CITY OF OSWEGO, Petitioner, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents.

Third Department, July 12, 1973.

*Thomas F. Zaia* for petitioner.

*Martin L. Barr* for Public Employment Relations Board, respondent.

*Sneeringer & Rowley, P.C.* (*Richard R. Rowley, Jeffrey G. Plant* and *Barnard F. Ashe* of counsel), for Association of Administrative Personnel, respondent.

*McGivern, Mills & Shaw* (*Bernard T. McGivern* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

REYNOLDS, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which found that the City School District of the City of Oswego had committed unfair labor practices in violation of paragraph (d) of subdivision 1 of section 209-a of the Civil Service Law.

The question presented in the instant proceeding is whether the decision and order of the Public Employment Relations Board (PERB) of March 6, 1972 determining that the petitioner committed an improper employer practice by unilaterally modifying the length of the work year of certain of its administrative employees and directing the petitioner to negotiate with their representative on such modifications is based on a correct interpretation of the law and is supported by substantial evidence. On February 16, 1971, while negotiating a contract for the year July 1, 1971 to June 30, 1972 with the respondent Association of Administrative Personnel of the Enlarged City

School District of Oswego (the official representative of petitioner's administrative employees), the petitioner unilaterally adopted a policy to take effect on July 1, 1971 changing the work year of some 12-month positions within the association's negotiating unit to 11 months, and the other 12-month positions to 10 months. At issue here is whether this unilateral modification of the length of the work year without prior negotiation constituted a violation of section 209-a (subd. 1, par. [d]) of the Civil Service Law. PERB has found that it did and ordered the petitioner to negotiate in good faith as to the length of the work year and to cease and desist from making such unilateral changes.

Petitioner's position essentially is that establishment of the length of the work year of its employees is within the exclusive province of the petitioner, " a fundamental governmental decision, bottomed on subdivisions 3 and 5 of section 2503 of the Education Law ". It is further contended that, since such decision relates to the manner and means by which it will render educational services to the public and was motivated solely by a desire to reduce operating costs and not by a desire to compromise or embarrass the respondent association, it is not a mandatory subject of collective negotiation. We cannot agree. Section 204 of the Civil Service Law requires public employers to negotiate the terms and conditions of employment with the organization recognized or certified to represent their employees. " The term ' terms and conditions of employment ' means salaries, wages, hours and other terms and conditions of employment " (Civil Service Law, § 201, subd. 4). The length of the work year is a function of hours of work and thus a " term of employment " and a public employer is required to negotiate with its employees concerning all terms and conditions of employment unless a specific statutory provision prohibits negotiations on a particular item (Board of Educ., Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington, 30 N Y 2d 122, 129). There is no statutory provision in the Education Law prohibiting a collective bargaining agreement dealing with the length of the work year. Boards of education are granted powers sufficiently broad to include the power to agree upon the length of the work year of their administrative employees. (See Education Law, § 2503, subds. 1, 3, 5; § 1709, subds. 1, 16, 33; § 1604, subds. 8, 30.) We cannot agree with the petitioner's assertion to the effect that the holding in Huntington is not here applicable because a basic policy decision or basic management decision

is involved (see *Fibreboard Corp.* v. *Labor Bd.,* 379 U. S. 203). The employer's decision in the instant case does not fall into the concept of a basic policy decision but is simply a unilateral decision to change the hours and wages of the school administrators without negotiation. There was no effect achieved here on services to the public since the mission of petitioner was similar to that of other school districts in the State and the functions of the administrative personnel in question remained unchanged. Rather, the record indicates that the main aim of the petitioner was, in fact, the reduction of costs. It is thus apparent that the decision here involved was legally sufficient and supported by substantial evidence.

The determination should be confirmed, and the petition dismissed, with costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Determination confirmed, and petition dismissed, with costs.