(June 30, 1975)

■ In the Matter of CITY OF ALBANY, Respondent, v ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board of the State of New York, Appellants, and ALBANY POLICE OFFICERS UNION, LOCAL 2841, AFSCME, Intervenor-Appellant. In the Matter of CITY OF ALBANY, Respondent, v ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board of the State of New York, Appellants, and ALBANY PERMANENT PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 2007, Intervenor-Appellant.—Appeals from judgments of the Supreme Court at Special Term, entered May 14, 1975 in Albany County, which granted petitioners' applications, in proceedings pursuant to CPLR article 78, to vacate the order in each proceeding issued by the Public Employment Relations Board. In November of 1974 the Albany Police Officers Union and Albany Permanent Professional Firefighters Association filed separate improper practice charges with the Public Employment Relations Board (PERB) against the City of Albany for refusal on the part of the city to negotiate a variety of topics in good faith, in violation of subdivision 1 of section 209-a of the Civil Service Law. The topics of disagreement were submitted to PERB. The parties agreed upon the facts, filed briefs and subsequently PERB ordered the city to negotiate with the unions in regard to several of the topics which were held to be mandatory subjects of bargaining. Thereafter, the city commenced article 78 proceedings to annul PERB's finding in each proceeding that the following are mandatory subjects of negotiation: (1) paid time off for union activities; (2) work rules; and (3) retirement benefits which do not require legislative approval. Special Term held that none of the three topics was a mandatory subject of negotiation. We do not agree. The topic of leaves of absence, with or without pay, for any purpose affects the hours of actual employment required for public employment. Such issues as the length of work year, vacations, sick leave and personal leave are accepted as being part of the terms and conditions of employment. They are a function of hours of work and, thus, a term of employment. Paid time off for union activity falls into the same category. (Cf. *Matter of City School Dist. of City of Oswego v Helsby,* 42 AD2d 262.) It cannot be held that PERB's determination that such topic is a mandatory subject of negotiation is arbitrary, capricious or unreasonable. (See *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46.) Likewise, PERB's determination that the general subject of "work rules" also involves a condition of the employment and, consequently, is mandatorily negotiable, is not unreasonable. Since no question as to the negotiability of any specific work rule was presented, PERB did not determine that any specific proposed rule was included as a mandatory topic of bargaining. As for the third and last subject, Special Term interpreted the applicable statutory provisions to mean that only the employer has the option to negotiate improvement of retirement benefits. PERB construed such statutory scheme as permitting employee organizations to negotiate for improvements in retirement benefits between July 1,

1964 and June 30, 1975, provided the improved benefits are among those already available under State Law. By section 6 of chapter 382 of the Laws of 1973, subdivision 4 of section 201 of the Civil Service Law was amended to prohibit generally the negotiation of retirement benefits. Section 70 of chapter 382 was modified by a series of amendments to provide as follows: "Notwithstanding any inconsistent provisions of this act or of any general or special law, during the period July first, nineteen hundred seventy-three to June thirtieth, nineteen hundred seventy-four: (a) a participating employer in the New York State employees' retirement system or the New York State policemen's and firemen's retirement system and its employees shall continue to have the right to negotiate with respect to any benefit provided by or to be provided by such employer to such employees as members of such system and not requiring approval by act of the legislature". (L 1973, ch 382, § 70 as amd by L 1973, chs 1046, 1047.) From a reading of this provision it is quite plain that both the unions and the city could negotiate over the retirement system benefits which did not require legislative approval. The Legislature continued that right for another year by section 31 of chapter 510 of the Laws of 1974: "Notwithstanding any inconsistent provisions of any general, special or local law, during the period July first, nineteen hundred seventy-four to June thirtieth, nineteen hundred seventy-five, a participating employer in the New York state employees' retirement system or the New York state policemen's and firemen's retirement system shall continue to have the right to negotiate with its employer with respect to any benefit provided by or to be provided by such employer to such employees as members of either such system and not requiring approval by act of the legislature." While this statutory language is not entirely clear, the intent of the Legislature is, for Governor Wilson's message explicitly states that the law would "extend for an additional year the right of local governments and their employees to negotiate with respect to retirement benefit improvements not requiring approval of the State Legislature." (1974 McKinney's Session Laws, p 2097.) We find a reasonable basis for the construction of the statutory scheme by PERB that employees have the right to negotiate on this issue. The construction given by the agency charged with administering the statute is to be accepted if not unreasonable. *(Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 51, *supra.)* Moreover, we should not blindly apply the literal words of a statute to arrive at an absurd result. *(Williams v Williams,* 23 NY2d 592, 599.) Not only would it be absurd to give the right to negotiate such issue solely to the public employer, indeed, the employers do not need such right, since the employer may act unilaterally and is not required to negotiate unless the subject is mandated to be a term or condition of employment. As a result of the city's refusal to negotiate the retirement benefits issue, and since the time to negotiate such issue expires June 30, 1975, the unions have lost a certain period of time which in all fairness should be restored. Judgments reversed, on the law and the facts, and petitions dismissed; determinations modified by directing the parties to negotiate the subject of improvement of retirement benefits for a period of time not to exceed that amount of time which has elapsed from the date of the filing of the improper practice charges to the date of this decision, and, as so modified, confirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.