149 N.J. Super. 346 (1977)
373 A.2d 1011
GALLOWAY TOWNSHIP BOARD OF EDUCATION, RESPONDENT-APPELLANT,
v.
GALLOWAY TOWNSHIP ASSOCIATION OF EDUCATIONAL SECRETARIES, CHARGING PARTY-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1977.
Decided March 29, 1977.
*348 Before Judges BISCHOFF, MORGAN and FURMAN.
Mr. Robert J. Hrebek argued the cause for Board of Education (Messrs. Murray, Meagher and Granello, attorneys).
Mr. James M. Blaney argued the cause for Educational Secretaries (Messrs. Starkey, White and Kelly, attorneys).
Mr. Sydney H. Lehmann argued the cause for Public Employment Relations Commission (Mr. David M. Wallace, General Counsel, Public Employment Relations Commission, on the brief).
The opinion of the court was delivered by FURMAN, J.S.C., Temporarily Assigned.
This appeal raises the issue of the authority of the Public Employment Relations Commission (PERC) created pursuant to L. 1974, c. 123 (N.J.S.A. 34:13A-5.2) to order payment of back pay when no services were rendered, upon a determination of an unfair labor practice. Other issues are moot because of the dissolution of respondent employee organization which *349 was the majority representative of the seven secretaries employed by appellant board of education.
After a representation election respondent was certified as majority representative on June 4, 1975. Appellant board announced on July 8, 1975 that the working day of four secretaries would be reduced from seven to four hours because of a budget cut. The first collective negotiating session was held on July 22, 1975. On August 12, 1975 the board announced that one secretary would work from 7:15 A.M. to 2:45 P.M., instead of from 7:45 A.M. to 3:15 P.M. as theretofore, and that another secretary's work day would be shifted by five minutes. The next negotiating session after August 14, 1975 was cancelled. The parties fixed October 27, 1975 for the continuance of negotiations. Meanwhile, respondent filed an unfair labor practice charge with PERC on August 29, 1975, alleging that the announced reduction and alteration of working hours for six of the seven secretaries had a chilling effect on negotiations, in violation of N.J.S.A. 34:13A-5.4(a)(1) and amounted to a refusal to negotiate in good faith in violation of N.J.S.A. 34:13A-5.4(a)(5). The announced changes in working hours were implemented as of the start of the school year, September 2, 1975. No collective negotiating agreement was ever reached between the parties.
PERC issued its decision and order on April 28, 1976. It concluded that the announcement and implementation of the changes in working hours constituted unfair labor practices under subsections (1) and (5). The implementation was stipulated as a fact and considered within the unfair labor practice charge although subsequent in time to the filing of the charge which was not supplemented. The board was ordered to cease and desist from interference with or coercion of employees in the exercise of their right of collective negotiations, from refusal to negotiate collectively in good faith with respondent, and from unilaterally altering the terms and conditions of employment of the secretaries during collective negotiations between the parties, *350 and, in addition affirmatively, to negotiate collectively in good faith with respondent, to restore the working hours of the secretaries to what they were prior to the implementation of changes, and to pay back pay in the amounts four of the secretaries would have earned if their working hours had not been reduced.
Upon the dissolution of respondent the PERC order became moot as to appellant's obligation to negotiate collectively in good faith with respondent, without interference, coercion or unilateral alteration in the terms and conditions of employment of members of the negotiating unit represented by respondent. PERC jurisdiction extends to settlement of disputes and grievances in public employment and to restraint of unfair labor practices interfering with the statutory right of collective negotiating N.J.S.A. 34:13A-5.1, 5.4. The purpose of the order under attack, except for its restoration of working hours and award of back pay, was to promote collective negotiations between appellant and respondent and to protect the rights of the secretaries as members of the negotiating unit and not as individuals.
Nevertheless, we must determine whether the adjudication of unfair labor practices was warranted on the record because the restoration of working hours and award of back pay were premised upon them. Two attacks on the PERC order are brought, one procedural and one on the merits.
Appellant argues that the implementation of the changes in working hours was not properly before PERC. The PERC order states:
Although the Board correctly notes that the Association could have amended its charge, we will not stand on procedural formalities when the parties have stipulated to post-charge events and have expressly agreed that their stipulations will be considered by the Commission in deciding the case.
We detect no prejudice to appellant in that ruling.
On the merits, appellant is confronted by settled federal law that a unilateral change by an employer in the *351 terms and conditions of employment during collective bargaining constitutes an unfair labor practice. N.L.R.B. v. Burns Security Services, 406 U.S. 272, 295, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972); N.L.R.B. v. Katz, 369 U.S. 736, 742-3, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962); N.L.R.B. v. J.P. Stevens & Co., Inc., Gulistan Div., 538 F.2d 1152 (5 Cir.1976); Continental Ins. Co. v. N.L.R.B., 495 F.2d 44 (2 Cir.1974); N.L.R.B. v. General Electric Co., 418 F.2d 736 (2 Cir.1969), cert. den. 397 U.S. 965, 90 S.Ct. 995, 25 L.Ed.2d 257 (1970).
That principle has been adopted by state courts and agencies. West Hartford Edu. Ass'n v. DeCourcy, 162 Conn. 566, 295 A.2d 526 (Sup. Ct. 1972); Oswego City School Dist. v. Helsby, 42 A.D.2d 262, 346 N.Y.S.2d 27 (App. Div. 1973); In re Piscataway Tp. Bd. of Ed., P.E.R.C. No. 91, 1 N.J.P.E.R. 49 (1975).
Unquestionably, the alteration of two secretaries' working hours and the reduction in four other secretaries' total working day effected changes in the terms and conditions of their employment. The defenses of budget strictures and of the need to conform to altered student hours were available but not supported. We affirm the determination that both the announcement at the time made and the implementation of the changes had a chilling effect on the right of collective negotiations and amounted to a refusal to negotiate in good faith.
Upon that determination of unfair labor practices the restoration of working hours was an appropriate remedy within the authority of PERC to order the public employer to take remedial action and "such reasonable affirmative action as will effectuate the policies of this Act." N.J.S.A. 34:13A-5.4(c). The status quo was thus restored.
Different considerations apply to the PERC order that appellant pay back pay to four of the secretaries for services not rendered, as if their working day had not been reduced by three hours.
*352 According to Lullo v. Intern. Ass'n. of Fire Fighters, 55 N.J. 409 (1970), the Federal Labor Management Relations Act. 29 U.S.C.A. § 141 et seq., was the model for N.J.S.A. 34:13A-1 et seq. Omission of a specific term of the federal act is therefore significant in construing the New Jersey act. In 29 U.S.C.A. § 160(c), provisions defining the National Labor Relations Board's authority are parallel to the above-quoted excerpt from N.J.S.A. 34:13A-5.4(c) but with the addition after "affirmative action" of the phrase "including reinstatement of employees with or without back pay."
In the face of the omission of any specific authority in PERC to order back pay for services not rendered, although provided for in the model federal legislation, we conclude that this cannot be implied within the broad grant of authority to order remedial and affirmative action to effectuate the statutory policies. In imposing the obligation on appellant, a governmental entity, to pay back pay without consideration in services rendered, the PERC order was ultra vires. This holding is without reference to statutory remedies for recovery of back pay by illegally dismissed or suspended public employees. N.J.S.A. 40:46-34; N.J.S.A. 18A:6-30.
We therefore vacate the cease and desist orders and the order to negotiate collectively in good faith as moot and the order to pay back pay as ultra vires and affirm the order for restoration of working hours.