BETTENDORF EDUCATION ASSOCIA-
TION, Catherine Kealey, Miriam Rod-
dewig, Jan Peterson, Mary Moulton,
Leone Hill, Lydia Nagel and Elizabeth
Huey, Appellants,

v.

BETTENDORF COMMUNITY SCHOOL
DISTRICT, Appellee.

No. 59689.

Supreme Court of Iowa.

Feb. 22, 1978.

Thomas G. Schebler, of Schebler & Wine, Davenport, for appellants.

Donald H. Sitz, of Lane & Waterman, Davenport, for appellee.

Considered by MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This appeal concerns the right of a school district to contract to pay teachers for accrued sick leave. The case arose before enactment of the Public Employment Relations Act, chapter 20, The Code, and its provisions are not involved here. In this declaratory judgment action, which was tried to the court at law, the trial court held defendant Bettendorf Community School District lacked authority to contract to pay lump sum benefits for accrued sick leave upon teacher retirement or death, defendant did not in fact do so here, plaintiffs agreed to forego the benefits, and defendant is not estopped from refusing such payments in the circumstances of this case. We affirm in part and reverse and remand in part.

Plaintiffs are retired teachers. Four of them, plaintiffs Kealy, Peterson, Hill and Nagel, retired from employment with defendant at the end of the 1971–1972 school year. The others, plaintiffs Roddewig, Moulton and Huey, retired at the end of the 1972–1973 school year.

Several years earlier, after negotiations with the Bettendorf Education Association, defendant had adopted rule 404.1 and placed it in its Board Policy Book. The rule provided:

> Certified Personnel shall be granted leave of absence for personal illness or injury not covered by Workmen's Compensation, in the following minimum amounts:
>
> 1. The first year of employment . . . . . . . .10 days
> 2. The second year of employment . . . . . .11 days
> 3. The third year of employment . . . . . . .12 days
> 4. The fourth year of employment . . . . . .13 days
> 5. The fifth year of employment . . . . . . .14 days
> 6. The sixth and subsequent years
>        of employment . . . . . . . . . . . . . . . . . .15 days
>
> Accumulative to 90 days, with 5 days per year accumulative each year thereafter.
>
> Accumulated personal illness accumulated to age 65 may be drawn as a lump sum at time of retirement or as a death benefit to members of family at the prevailing substitutes rate. Accumulated personal illness leave accumulated after age 65 is not allowed as a retirement and/or death benefit.

Individual contracts were entered with plaintiffs. Each contract for the 1971–1972 school year contained a provision "[t]hat all rules and regulations as stated in the Board Policy Book are incorporated in this contract by reference."

At the request of defendant's superintendent an attorney general's opinion was obtained February 8, 1972, on the issue of defendant's authority to pay the lump sum benefits provided in rule 404.1. The attorney general expressed the view the benefits were unauthorized. As a result, the Bettendorf Education Association and defendant agreed on March 6, 1972, that contracts for the ensuing school year should not include lump sum benefits for accrued sick leave and that available funds should be used to improve health insurance coverage instead. Rule 404.1 was amended March 20, 1972, to eliminate the provision for the benefits. Teacher contracts for the 1972–1973 school year incorporated the rule as amended.

The parties stipulated as to the amounts plaintiffs would have received if they had a right to the lump sum payments upon retirement.

■ I. *Defendant's authority to make the payments.* We reviewed the authority of a school board to enter contracts with teachers under the statutes applicable here in *Barnett v. Durant Community School District,* 249 N.W.2d 626 (Iowa 1977). The only powers of a school district are those expressly granted or necessarily implied in governing statutes. In *Barnett* we held a school district had implied authority to contract to reimburse teachers for tuition expense of approved graduate studies. We found this power to be implied from the authority of school districts to contract regarding teacher compensation. We held it was analogous to granting step salary increases.

■ We see no material difference between the power recognized in *Barnett* and the power at issue here. As in *Barnett* we believe the authority is derived from the right to "make all contracts necessary or proper for exercising the powers granted and performing the duties required by law" under § 279.12, The Code, and the duty to include in teacher contracts statutorily enumerated provisions "and such other matters as may be agreed upon" under § 279.13. These provisions authorize school districts

to contract with teachers regarding compensation.

This authority is not dependent upon the terms of § 279.40 which mandates a schedule of minimum sick leave benefits for public school employees. The payments at issue here were not disability pay. They were a reward to teachers who did not use up sick leave. Defendant's acknowledged purpose was to discourage teacher absenteeism, which is an appropriate objective of school districts.

The lump sum benefits in rule 404.1 were a form of teacher compensation like tuition reimbursement and step salary increases. We hold defendant had authority to contract to pay them.

■ II. *Inclusion of the benefits in teacher contracts.* Plaintiffs' contracts for the 1971–1972 school year expressly incorporated the rules and regulations in the Board Policy Book, and this included rule 404.1 as it existed when those contracts were entered. In holding these contracts did not bind defendant the trial court said the incorporation provision "simply indicates the intent of the parties that the teachers' duties include adherence to the School District's rules and regulations as they might exist from time to time." No evidence supports this conclusion nor does it logically follow from the language of the contracts.

Construction of contracts is a question of law. *Roland A. Wilson v. Forty-O-Four Grand Corporation,* 246 N.W.2d 922, 924 (Iowa 1976). We believe the teacher contracts here plainly made the school district rules and regulations part of the agreement binding on both parties. Rule 404.1 thus became more than a mere statement of district policy. Cf. *Service Employees International, Local No. 55 v. Cedar Rapids Community School District,* 222 N.W.2d 403 (Iowa 1974). Even though defendant was free during the contract period to eliminate rules or regulations which burdened the teachers, it had no right unilaterally to relieve itself of its own contractual obligations.

When plaintiffs Kealey, Peterson, Hill and Nagel retired in June 1972 they had a vested contractual right to receive the lump sum payments. See *Vanous v. City of Cedar Rapids,* 255 N.W.2d 334, 336 (Iowa 1977) ("If he was in fact employed when the right to this compensation accrued, he is entitled to it."). Therefore, under the stipulation of the parties, Kealey should have received $2310, Peterson $528, Hill $2420, and Nagel $924.

The case relied on by the trial court and defendant for a contrary result is readily distinguishable. In *School City of East Chicago v. Sigler,* 219 Ind. 9, 36 N.E.2d 760 (1941), the contract required the teacher to "observe all rules and regulations of the [properly constituted] school authorities." It did not obligate the school board to follow rules favorable to the teacher.

III. *Acquiescence in the rule change.* The Bettendorf Education Association, representing the teachers in negotiating for 1972–1973 contracts, did acquiesce in the March 1972 modification of rule 404.1 and the substitution of other benefits in the ensuing year. Thus the rule was not part of the contracts of the three plaintiffs who taught in the 1972–1973 school year and retired in June 1973.

However, these negotiations did not affect the contracts for the 1971–1972 school year. Therefore the four plaintiffs who retired in June 1972 cannot be denied the benefits on the basis of the March 1972 rule modification and asserted acquiescence in eliminating the benefits from subsequent contracts.

IV. *Estoppel.* We have no occasion to consider whether the trial court erred in holding defendant is estopped to deny benefits to the four plaintiffs who retired in 1972 because we find they are entitled to them as a matter of contract. We find no basis for reversal in the court's denial of the estoppel claim of the three plaintiffs who retired in 1973.

Estoppel *in pais* requires proof by clear, convincing and satisfactory proof of (1) false representation or concealment of a material fact, (2) lack of knowledge of the fact by the actor, (3) intent of the party making the representation that the actor rely on it, and (4) reliance on the false representation or concealment resulting in prejudice. *DeWall v. Prentice,* 224 N.W.2d 428, 430 (Iowa 1974). The estoppel claim here is predicated on the theory defendant falsely represented to plaintiffs that rule 404.1 was beyond its authority.

We do not believe the trial court was compelled as a matter of law to find plaintiffs established the elements of estoppel. They first had to prove defendant was guilty of a false representation or concealment of material fact. The parties mutually accepted the attorney general's opinion as an authoritative statement of the law. Neither side had an advantage over the other in ascertaining the accuracy of the attorney general's view.

An actionable false representation is not established under the estoppel doctrine unless the alleged conduct or concealment induces the actor to believe that a certain material fact exists. *Manson State Bank v. Diamond,* 227 N.W.2d 195, 201 (Iowa 1975). See 28 Am.Jur.2d Estoppel and Waiver § 45; 31 C.J.S. Estoppel § 79 ("representations or opinions as to matters of law do not ordinarily base or create an estoppel"). Here the trial court could reasonably find defendant made no false representation because the modification of rule 404.1 was induced by the opinion of the attorney general upon which all parties justifiably and equally relied. Consequently the court was not obliged to find plaintiffs proved estoppel.

Therefore the trial court's judgment for defendant on the claims of plaintiffs Roddewig, Moulton and Huey is affirmed.

Because plaintiffs Kealey, Peterson, Hill and Nagel are contractually entitled to the lump sum benefits, the judgment is reversed on their claims, and the case is remanded for entry of judgment in their behalf in the stipulated amounts with interest at the legal rate from and after their retirement dates.

Costs to defendant.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.