**WOODBINE COMMUNITY SCHOOL DISTRICT OF HARRISON, MONONA AND SHELBY COUNTIES, Iowa, Appellee,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant,**

and

**Woodbine Education Association, Intervenor-Appellant.**

No. 66094.

Supreme Court of Iowa.

March 17, 1982.

Thomas J. Miller, Atty. Gen., Frank J. Stork, Asst. Atty. Gen., and Steven F. McDowell, Des Moines, PERB, for appellant Public Employment Relations Board.

Charles E. Gribble of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant Woodbine Ed. Ass'n.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McGIVERIN, and SCHULTZ, JJ.

LeGRAND, Justice.

This is a dispute to determine whether a clause proposed by the Woodbine Community School District while negotiating a collective bargaining agreement with Woodbine Education Association is a mandatory subject of bargaining. In reversing the decision of the Public Employment Relations Board (PERB), the district court ruled the proposal is a mandatory subject of bargaining. Both the Public Employment Rela-

tions Board and the Woodbine Education Association, intervenor in the case, appeal. We affirm in part and reverse in part.

The Woodbine Community School District has neither filed a brief nor appeared. We consider this matter, therefore, solely on the briefs and oral argument of the two appealing parties.

■ The facts are not in dispute. The difference arose between the Woodbine Community School District (District) and the Woodbine Education Association (Association) concerning whether the following proposal constituted a mandatory subject of bargaining:

> All teachers who do not have a MA or BA + 30 hours will be required to complete six semester hours or nine quarter hours every five years of service in the Woodbine Community School District. These hours must apply to the next higher degree or meet with the approval of the Superintendent. Failure to comply with this requirement will result in the employees remaining stationary on their present step of the salary schedule until such required credits are obtained.

Having reached an impasse concerning this proposal, the parties submitted the matter to PERB pursuant to 660, I.A.C. § 6.3(2), for an expedited resolution of the negotiability dispute. PERB ruled the provision was a permissive bargaining issue as "a work rule and a disciplinary measure for those who failed to comply." The District sought judicial review in the district court as permitted by section 17A.19, The Code 1979.

The district court reversed PERB's ruling and held the proposal to be a mandatory subject of bargaining as "job classification" under section 20.9, The Code. Both the Association and PERB appeal from this judgment. Thus the single issue is sharply and narrowly drawn: Is the proposal a matter of "job classification" under section 20.9, The Code? That section is here set out in part:

> The public employer and the employee organization shall meet at reasonable

times . . . to negotiate in good faith with respect to wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training and other matters mutually agreed upon.

Our cases have developed a number of rules by which this matter is controlled. Review is at law. We decide only whether the district court correctly applied the law tested by the standards of section 17A.19(8). We give weight to PERB's construction of the statute although we are not bound thereby. We look only to the subject matter of the proposal and do not decide whether the particular proposal has merit. In reaching a determination, we decide first if the disputed proposal comes within the meaning of one of the mandatory bargaining topics listed in 20.9 and, second, whether there is a legal prohibition against bargaining on the particular subject. *Marshalltown Education Ass'n v. PERB,* 299 N.W.2d 469, 470 (Iowa 1980); *Charles City Education Ass'n v. PERB,* 291 N.W.2d 663, 666 (Iowa 1980); *Charles City Community School Dist. v. PERB,* 275 N.W.2d 766, 769 (Iowa 1979).

In the present case it is not claimed there is a legal prohibition against bargaining on the proposed clause and we, therefore, limit our review to deciding if it is one of the mandatory bargaining topics included in section 20.9, The Code.

This case is controlled by prior decisions of this court and of PERB. In *Charles City Education Ass'n,* 291 N.W.2d at 669, we said the *nature* of credit hours to be earned in order to advance along an established salary scale was not a mandatory subject of negotiation. In that case we expressed no opinion concerning the *number of* credit hours required to be earned, a matter which PERB decided in *Area I Vocational-Technical School District v. Area I Higher Education Ass'n* (Case No. 650). In *Area I,* PERB distinguished between the *number* of hours to be earned and the *kind* of hours to be

earned, holding the former to be a mandatory subject of negotiation and the latter to be permissive. Significantly, PERB adheres to its decision in *Area I* and seeks to distinguish the two cases. PERB insists *Area I* is not applicable because the present proposal is either disciplinary in nature or is a work rule.

We reject the argument that the proposal is disciplinary or that it constitutes a work rule, either of which would make it a permissive bargaining topic. Rather, it is intended to sharpen teaching skills, to maintain teaching standards, and to keep abreast of changing educational theories. One who does this is, arguably at least, a more qualified teacher than one who does not. The decision to freeze those who do not comply is not "disciplinary" nor is the failure to comply a violation of a "work rule." It is simply a recognition of the fact those better qualified should be advanced along the salary scale. PERB itself reached this same conclusion in *Area I.*

PERB relies heavily on its ruling in *Iowa Western Community College* (No. 1537), which related to the employer's right to "retain the current salary level of a faculty member." That PERB decision is of no assistance, however, because it was submitted and decided on the agreement of the parties that the proposal was a disciplinary matter, as indeed it was, being simply a bald assertion that salary could be frozen for any reason. The present proposal contains no such far-reaching authority, and the cases are easily distinguishable.

We are persuaded our answer is found by referring to both *Charles City Educational Ass'n* and *Area I.* The disputed proposal fixes the number of credit hours to be earned. To that extent it is a mandatory topic of bargaining. It also seeks to establish the kind of credits to be earned. This presents a permissive bargaining topic under *Charles City Education Ass'n,* 291 N.W.2d at 669.

We affirm the trial court's finding that PERB ignored its prior holding in *Area I* by holding the proposal as to the number of

credit hours required to be earned is a permissive, not mandatory, topic of bargaining. As the trial court found, this ruling must be set aside as "unreasonable, arbitrary, and capricious." We conclude that part of the proposal and the part directing that those who do not comply are to "remain stationary" on the salary schedule are within the term "job classification" as used in section 20.9, The Code, and are topics of mandatory bargaining.

■ The remainder of the proposal dealing with the nature of credit hours to be earned and vesting discretion in the superintendent to determine what study will be acceptable is a subject of permissive bargaining. The trial court is reversed as to that part of the ruling which holds otherwise.

AFFIRMED IN PART; REVERSED IN PART.