PROFESSIONAL STAFF ASSOCIA-
TION OF AREA EDUCATION
AGENCY 12, Petitioner-Appellant,

v.

PUBLIC EMPLOYMENT RELATIONS
BOARD, Respondent-Appellee,

and

Western Hills Area Education Agency
12, Intervenor-Appellee.

No. 84–1204.

Court of Appeals of Iowa.

June 25, 1985.

Charles E. Gribble and Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for petitioner-appellant.

M. Sue Warner, Des Moines, for respondent-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

The question in this appeal is whether reimbursement of accumulated sick leave and severance pay are mandatory subjects of bargaining under our Public Employment Bargaining Act. We conclude they are not mandatory subjects and affirm the trial court ruling.

The dispute in question arose during the course of negotiations for a collective bargaining agreement for the 1983–84 year between Western Hills Area Education Agency 12 (AEA 12), and the Professional Staff Association of Area Education Agency 12 (Association). The Association is a certified employee organization, authorized to bargain on behalf of the professional nonsupervisory employees of AEA 12. AEA 12 is a public employer as defined by section 20.3(1) of the Code. The Association proposed the following items be included in the collective bargaining agreement:

*Reimbursement for Unused Sick Leave*

Upon termination of employment, the Board shall reimbuse the employee for all unused sick leave days not to exceed one hundred thirty-five (135) days by multiplying one-half (½) of the employee's daily pay rate by the number of unused days. The resulting amount shall be paid the employee in one lump sum within thirty (30) days following the effective date of the employee's termination.

*Severance Pay*

At the time of termination of employment, an employee with five (5) or more years of service to the Agency shall receive an additional salary payment as follows:
1. The Agency shall compute the salary payment by determining four (4) percent of the employee's current base salary.
2. This base salary shall be multiplied times the number of years of service the employee has rendered to the Agency.
3. This total amount shall be in addition to the amount provided for salary in the contract for the final year of employment.

AEA 12 contended it was not obligated to bargain on the items and filed a petition for expedited resolution of the matter with the Public Employment Relations Board (PERB). PERB determined that neither proposal was illegal, but that both were permissive, and not mandatory subjects of bargaining. Upon appeal to the district court, the trial court affirmed the PERB result.

Our review is limited to whether the court below correctly applied the law. *Woodbine Community School District v. Public Employment Relations Board*, 316 N.W.2d 862, 864 (Iowa 1982). The scope of negotiations regarding public employees is set out at Iowa Code section 20.9 (1985):

The public employer and the employee organization *shall meet* at reasonable times, including meetings reasonably in advance of the public employer's budget-

making process, *to negotiate* in good faith with respect to wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classification, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training and *other matters mutually agreed upon.* (Emphasis added.)

Bargaining topics affecting public employees are categorized as mandatory (shall meet to negotiate) and permissive (other matters mutually agreed upon) for purposes of negotiation. *City of Fort Dodge v. Iowa P.E.R.B.*, 275 N.W.2d 393, 395 (Iowa 1979). This distinction is important to the parties involved because when a topic is mandatory, they must negotiate on it, and failure to resolve the issue can lead to final binding arbitration. *Id.*; Iowa Code § 20.9, .10 (1985).

█ Unlike the National Labor Relations Act,[1] this section of the Code specifically lists items considered mandatory. Because the legislature rejected the general language of the NLRA and adopted a specific list of mandatory topics, the supreme court has concluded the legislature intended to restrict mandatory topics to those listed. *City of Fort Dodge*, 275 N.W.2d at 398; *see also Charles City Community School District v. P.E.R.B.*, 275 N.W.2d 766, 772–73 (Iowa 1979). The listed items are a definition rather than a description of mandatory topics. *Id.* at 772. Therefore, to be a mandatory item, the issue must fall within those listed at section 20.9, *Id.*

### I. Payment of Accumulated Sick Leave

The Association argues that reimbursement for unused sick leave falls within the terms "wages," "supplemental pay" and "leaves of absence" which are mandatory bargaining items under section 20.9. Several prior PERB decisions are cited as support that this payment is compensation.

Decisions from other jurisdictions are also relied on. These are not persuasive. The PERB decisions were made before the supreme court determined that the specific listing in section 20.9 was to be restrictively applied. *See Fort Dodge*, 275 N.W.2d at 398. Other jurisdictions have statutes similar or identical to the NLRA, which we have already discussed contains broader language and is more inclusive, *see* Note, *The Scope of Negotiations Under the Iowa Public Employment Relations Act*, 63 Iowa L.Rev. 649, 667, n. 153 (1978).

█ In *Fort Dodge Community School District v. P.E.R.B.*, 319 N.W.2d 181, 183–84 (Iowa 1982), wages are defined as a specific sum or price paid by an employer in return for the employee's services, and supplemental pay is pay for extra services relative to the time, skill and nature of the services. The *Fort Dodge* case held cash incentives for early retirement pay are not wages or supplemental pay, and the rationale is controlling here. *Id.* The proposal here calls for reimbursement of unused sick leave in a lump sum cash payment upon termination of employment. It is not directly related to services rendered or to the time, skill, and nature of additional services, but rather is a form of severance pay to be paid to any employee leaving his or her employment, whether due to retirement, lay-off, or any other reason. Under the proposal, the payment is triggered by the termination of the employment relationship, and not by the rendering of primary or additional services. While it may be argued employees perform a service by not taking sick leave, we believe this stretches the meaning of service and is not what the legislature intended.

█ The Association also argues the unused sick leave payment falls within "leaves of absence." The supreme court has not addressed the meaning of leaves of absence in the context of section 20.9. PERB decisions have generally included factors such as when an employee may be

---

1. The National Labor Relations Act broadly lists the mandatory items of negotiation as "wages, hours, and other terms and conditions of employment." 29 U.S.C. § 158(d).

absent, how often absences are allowed and the rate of compensation during the absence as falling within leaves of absence bargaining. We agree with AEA 12 that no return of the employee is contemplated when the unused sick leave payment is made, nor is it in any way directly connected to any conditions regarding a leave of absence. It merely uses sick leave as a basis for calculating what is clearly intended to be a severance benefit.

■ Reimbursement for unused sick leave does not fall within any of the mandatory bargaining categories of section 20.9. The proposal is a permissive subject of bargaining.

## II. Severance Pay

■ The Association argues this proposal is also mandatory under the categories, "wages" or "supplemental pay." Terms of this proposal would grant a payment to any employee severed from employment for any reason after five years of service. It is not a payment made for any actual services rendered. The circumstance which triggers the payment is the termination of employment, and not the performance of any primary or extra services. As with the sick leave reimbursement proposal, no extra service not already compensated is provided by the employee in order to obtain this benefit. The severance pay proposal is likewise a permissive subject of bargaining.

■ The Association makes several persuasive arguments regarding the public benefit, including discouraging absenteeism, rewarding those who do not use their sick leave and encouraging continuity in the workforce, contending these desirable results should elevate the matters to the mandatory-bargaining category. Our courts have previously explained why more restrictive bargaining is necessary in the public employment sector. *Charles City*, 275 N.W.2d at 769–73. We are, therefore, unpersuaded by the public benefit argument because other public benefits are also to be considered.

It is important to note that a finding that the two severance pay proposals at issue here are permissive rather than mandatory subjects of bargaining will not prohibit such provisions from being negotiated. "[T]he restrictive interpretation of mandatory bargaining topics does not inhibit voluntary bargaining and agreement on permissive topics." *Iowa City Community School District v. Iowa City Education Association*, 343 N.W.2d 139, 141 (Iowa 1983). School districts are free to maintain existing policies or collective bargaining agreements regarding reimbursement for unused sick leave or other types of severance pay if they find it necessary or desirable in order to discourage absenteeism and encourage longevity of employment.

AFFIRMED.

All Judges concur except OXBERGER, C.J., who dissents.

OXBERGER, Chief Judge (dissenting).

I dissent. While the list of topics described as mandatory under section 20.9 of the Code is to be interpreted strictly, I believe case law and PERB's own rulings show payment of unused sick time and severance pay are mandatory topics. While the statute is to be restrictively construed, the words used are also to be given their general and commonly understood meaning. *City of Fort Dodge v. Iowa PERB*, 275 N.W.2d 393, 396–97 (Iowa 1979). Even following the mandates of *City of Fort Dodge v. PERB*, 275 N.W.2d 393 (Iowa 1979), and using a restrictive approach, I believe that payment of accumulated sick time falls within the definition at section 20.9.

PERB claims *Bettendorf* should not control since the thrust of that appeal was whether the issue was properly within the contractual authority of the school. However, both our supreme court and PERB have relied on such decisions when determining whether an item is a subject of mandatory bargaining. *See Fort Dodge Community School District v. PERB*, 319 N.W.2d at 184; *In the Matter ·of City of Davenport and Davenport Association of*

*Professional Firefighters*, 78 PERB at 1244. The court in *Bettendorf* indicated paying employees unused sick time was "a reward to teachers who did not use up sick leave. Defendant's acknowledged purpose was to discourage teacher absenteeism, which is an appropriate objective of school districts. The lump sum benefits in rule 404.1 *were a form of teacher compensation like tuition reimbursement and step salary increases." Bettendorf Education Association v. Bettendorf Community School District*, 262 N.W.2d 550, 552 (Iowa 1978). (emphasis added). PERB found this holding compelling and determined in its Davenport firefighters case payment of accumulated sick leave upon retirement or death is a mandatory topic, adding, "It is our judgment that, as was suggested by the supreme court in *Bettendorf*, it is nothing more than an alternative form of compensation." *In the Matter of City of Davenport and Davenport Association of Professional Firefighters Association, Local 7*, 78 PERB 1199. The PERB ruling is based *not* on a broad interpretation of the Code, but upon *Bettendorf*, and the board's own conclusion that payment of unused sick leave is a method of compensation. The Association claims the service rendered is regular attendance of employees. However, I find more persuasive the reasoning of the New York court that the issue of leaves of absence, with or without pay, affects the hours of actual employment required for public service. *Albany v. Helsby*, 48 App.Div.2d 998, 370 N.Y.S.2d 215, *aff'd* 38 N.W.2d 778, 345 N.E.2d 338, 381 N.Y.S.2d 866 (1975). I agree that the "public benefit" argument of the Association must be rejected, but also agree with the supreme court's indication in *Bettendorf*, with *PERB*, and the New York court that payment of accumulated sick leave is another form of compensation and is a mandatory subject of bargaining.

Whether considered as supplemental pay or wages, I agree the severance pay must be for service performed. PERB has determined in prior rulings, however, that a severance benefit identical to the one proposed here is supplemental pay. *In the*

*Matter of Area IV Community College Education Association and Merged Area IV School District; Iowa Central Community College Education Association and Merged Area V School District*, 76 PERB 663 & 674. PERB again claims this case came before the statute was interpreted restrictively, but I am once again unpersuaded by this claimed distinction. The board in its ruling noted that the pay could be wages under the NLRA, but did not base its decision on this. *Id.* Instead, it found the benefit was a supplemental payment. *Id.*

I find compelling the logic used by the New York court in reaching its determination that such severance benefits are mandatory subjects of bargaining. The court found the pay was based on the number of years the employee worked, and is for services actually rendered in the last year of employment. *Board of Education v. Associated Teachers of Huntington, Inc.*, 30 N.Y.2d 122, 282 N.E.2d 109, 331 N.Y.S.2d 17 (1972) (overruled on other grounds, *Syracuse Teachers Association v. Board of Education*, 35 N.W.2d 743, 320 N.E.2d 646, 361 N.Y.S.2d 912 (1974)). The severance pay relates to the time served and increased skill of the employee accruing with long service.

The majority notes that classifying the proposals as permissive instead of mandatory does not preclude voluntary bargaining on the issue. However, as the majority also points out, it is vital to categorize properly these topics since only mandatory topics must be negotiated and failure to resolve such issues may lead to binding arbitration. Iowa Code § 20.9, .10 (1985).

I would hold that the severance benefits set out by the Association are mandatory topics of bargaining, and reverse the trial court.