In the Matter of the Arbitration between the BOARD OF EDUCATION OF THE BEDFORD CENTRAL SCHOOL DISTRICT, Respondent, and BEDFORD TEACHERS ASSOCIATION, Appellant.

Second Department, April 23, 1979

APPEARANCES OF COUNSEL

*James R. Sandner (James J. Brady* of counsel), for appellant.

*Plunkett, Wetzel & Jaffe (Phyllis S. Jaffe* of counsel), for respondent.

OPINION OF THE COURT

O'CONNOR, J.

The Bedford Teachers Association (the Association) appeals from a judgment of the Supreme Court, Westchester County, which granted the petition of the Board of Education of the Bedford Central School District (the Board) to stay arbitration. The judgment should be reversed, the petition denied and the proceeding dismissed.

Petitioner, the Board, and appellant, the Association, were parties to a collective bargaining agreement, effective July 1, 1976 to June 30, 1978. The agreement provided a grievance procedure, the fourth and final step of which permitted the Association, on its own initiative or at the request of an aggrieved teacher, to submit an unresolved grievance to arbitration. A grievance was defined pertinently as "any complaint by a teacher or group of teachers based on an alleged violation, misinterpretation or inequitable application of the existing state laws, Board policies, administrative procedures and regulations or this Agreement."

In April, 1977 the Board, in an economy move, voted to eliminate two nurse-teacher positions for the 1977-1978 school year and to replace them with registered nurse positions. The services of the two least senior nurse-teachers were terminated. Subsequently, however, the terminated nurse-teachers applied for, and were appointed to, the two registered nurse positions.

Thereafter, the Association instituted grievance procedures on behalf of the two registered nurses "and/or any other party affected". The grievance alleged violation of provisions of the agreement pertaining to recognition, teacher protection and reciprocal rights. The grievance further stated: "The Association would have this grievance redressed by having the Board recognize that the employment of the Registered Nurses * * * is subject to all the provisions of the current Agreement as it relates to 'School Nurse Teachers.'"

The grievance was not resolved and the Association served a demand for arbitration which stated pertinently:

"NATURE OF DISPUTE: Violation of the agreement between the parties pertaining to nurses wages, hours and working conditions.

"REMEDY SOUGHT: The Board shall properly implement all the terms of the agreement; restore all rights and benefits effective this school year or such other remedy that the arbitrator deems appropriate."

The Board petitioned for a stay of arbitration alleging, *inter alia,* that the Association was improperly seeking to arbitrate the Board's action in abolishing the two nurse-teacher positions and establishing the two registered nurse positions, and that the position of registered nurse was not within the bargaining unit covered by the agreement.

In its answer the Association alleged, insofar as pertinent, first that the registered nurses were rightfully members of the Association and therefore petitioner was required to bargain with the Association regarding the nurses' working conditions and, second, that the nurses were performing "essentially the same duties" as nurse-teachers and should therefore be accorded the same working conditions. The Association also denied that the grievance involved the Board's authority to abolish positions or to make appointments to vacant positions.

■ Special Term granted a stay of arbitration. There should be a reversal.

■ The function of the courts in proceedings of this nature is to conduct a two-level inquiry into whether there is a valid agreement to arbitrate. "Initially it must be determined whether arbitration claims with respect to the particular subject matter are authorized by the terms of the Taylor Law" *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513). If they are, then the inquiry turns to "whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" *(supra,* p 513). The agreement to arbitrate must be express, direct and unequivocal *(supra,* p 512).

In the instant matter, the first-level inquiry poses no difficulty. The Board does not contend that arbitration of the instant grievance is not authorized by the Taylor Law.

The second-level inquiry is more complex. Normally, this

inquiry focuses upon the scope of the arbitration clause in the collective bargaining agreement. Here, the parties have agreed to a broad arbitration clause, providing for arbitration of "any complaint * * * based on an alleged violation, misinterpretation or inequitable application of * * * this Agreement." However, that does not end the inquiry in this case.

Article one of the collective bargaining agreement, the recognition clause, defines the negotiation unit of which the Board recognizes the Association as being the exclusive representative. That provision does not mention registered nurses. The question of whether the registered nurses are nonetheless members of the bargaining unit partly underlies the Association's grievance. However, the Board argues that the absence of any specific mention of registered nurses in the recognition clause shows that there was no express, direct and unequivocal agreement to arbitrate the grievances of registered nurses. This apparently was also the position taken by Special Term.

However, the unit or nonunit status of the nurses is not germane to the question of arbitrability. "[A] union may invoke grievance and arbitration procedures on behalf of a nonmember whose treatment by a common employer may adversely affect the position of its own members (*Matter of Board of Educ. [Auburn Teachers Assn.]*, 49 AD2d 35, 39, mot for lv to app den 38 NY2d 740)." (*Matter of South Colonie Cent. School Dist. v Longo,* 43 NY2d 136, 141.)

*Matter of Board of Educ. (Auburn Teachers Assn.) (supra)* is particularly instructive here. The pertinent facts of that case are as follows: The Auburn Teachers Association was the recognized bargaining representative of a bargaining unit comprised of all teachers employed by the school district. Another union was the certified bargaining representative of a bargaining unit partially comprised of teacher's assistants. The district hired two employees as teacher's assistants. Thereafter, the president of the teachers association, individually and as president of the association, filed a grievance. The substance of this grievance was that the teacher's assistants had been performing full-time teaching duties, and the district, in failing to compensate them as teachers, had violated several provisions of the teachers' contract, among them the recognition and salary clauses.

The district, acting through its Board of Education, took the position that the grievance could not be recognized, since the teacher's assistants were neither members of the teachers'

unit nor parties to the contract. The Association sought arbitration of the grievance but the Board succeeded in obtaining a stay on the ground that there was no agreement to arbitrate the dispute.

In reversing and directing the parties to proceed to arbitration, the court first noted the existence of a broad arbitration clause substantially similar to that involved in the instant case. The court then stated (49 AD2d, at p 39): "In the situation now before us the individual grievant, Dale Post, president of the Teachers, is a teacher himself and a member of the Teachers' bargaining unit. He thus is a party to the Teachers' contract with the District as that term is defined in the bargaining agreement. There is indeed a dispute involved, concerning the representation clause in the contract, a matter certainly included in the agreement. It makes no difference for the purpose of referring a matter in dispute to arbitration whether the grievant's claim is tenable or whether it affects him personally. Suffice to say that the substance of the instant complaint affects all teachers indirectly, its gravamen being whether the District should be permitted to hire two individuals to do teacher's work without commensurate compensation under the pretense that such persons' technical job category is that of teacher's assistant."

Under the significantly similar circumstances of the instant case, I find this language persuasive of the viewpoint that the parties to this proceeding have exercised their authority to submit to arbitration grievances of the nature presented herein.

I note the Board's vigorous argument that the instant grievance is merely an attempt by the Association to challenge indirectly the Board's action in abolishing two nurse-teacher positions and creating two registered nurse positions. However, I do not view the grievance in that manner.

The Association, in alleging a violation of the recognition clause, seeks only to have the Board bargain as to the conditions of employment of the registered nurses. Were the Association to succeed upon this portion of its grievance, the registered nurses would remain registered nurses. They would not return to being nurse-teachers.

With regard to the duties and working conditions of the registered nurses vis-à-vis those of nurse-teachers, it cannot be said with certainty that the arbitrator will be unable to fashion an appropriate remedy, if any, without improperly

annulling the action of the Board (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 418). Accordingly, I see no reason to characterize the grievance as a challenge to the Board's authority to abolish and create positions.

The Board's other arguments have been considered and I find in them no valid basis for prohibiting arbitration of the grievance. I note particularly the argument that the Association's proper remedy, if any, is to file an improper practices charge with the Public Employment Relations Board. The same argument was made by the District in *Matter of Board of Educ. (Auburn Teachers Assn.)* (49 AD2d 35, *supra)* and I find that court's analysis and rejection of that claim persuasive.

TITONE, J. P., MARTUSCELLO and MANGANO, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated March 22, 1978, reversed, on the law, without costs or disbursements, application denied and proceeding dismissed. The parties are directed to proceed to arbitration forthwith.