opinion of the court
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioner seeks a judgment vacating the Public Employment Relations Board’s (PERB) order dated December 18, 1981, which dismissed petitioner’s application to designate the positions of law clerk and law assistant as managerial or confidential.
In 1977, petitioner sought to designate persons holding certain positions of law clerks and law assistants as managerial or confidential. A determination in petitioner’s favor would necessarily result in the removal of persons in these classifications from the collective bargaining process and union membership. Petitioner argued that persons directly involved with the decision-making process “formulate policy” within the definition of “managerial” as set forth in section 201 (subd 7, par [a]) of the Civil Service Law. It argued that, within the context of the above section, a judicial determination is “policy” and thus, law clerks and *987 law assistants, through their participation in the decision-making process, are persons who “formulate policy”.
By decision dated January 30, 1981, the Director of Public Employment Practices and Representation rejected petitioner’s contention, finding that only administrative employees, rather than Trial and Appellate Judges, formulate policy.. He concluded that only administrative personnel rather than law clerks could formulate policy. PERB upheld the decision of the director, but did not render an opinion as to whether judicial decision-making by Trial and Appellate Judges is the formulation of policy within the meaning of section 201 (subd 7, par [a]) of the Civil Service Law.
In an article 78 proceeding following the July 9, 1981 order, the Honorable DeForest Pitt, Supreme Court Justice, by decision dated November 5, 1981, found that law clerks and law assistants engage in meaningful participation in the decisional process. Judge Pitt found that PERB’s determination was thus arbitrary and capricious, and remanded the matter for a decision whether “a judicial determination in an action or proceeding constitutes the formulation of policy.” Thereafter, PERB issued a second decision, ruling that policy formulation in the judicial branch of government may be made only by personnel acting in administrative capacities. Specifically, they found that “judges do not make ‘policy’ within the meaning of section 201 (7)(a)(i) of the Taylor Law when they render decisions in court actions and proceedings. Consequently, we hold that the advisory role of the law assistants and law clerks in the decisional process does not make them formulators of policy entitled to designation as managerial”. (PERB’s decision on remand, Decision No. 18, 1981, p 3.) The instant article 78 proceeding thereafter ensued.
The Office of Court Administration (O.C.A.) argues that the judicial branch of government has “two missions”. It correctly asserts that the judiciary has the responsibility for impartial dispute resolution. However, as a separate and distinct “mission” petitioner argues that it has a self-administration role. This court does not agree. The exclusive function of the judiciary as the third branch of govern *988 ment has been and continues to be the unbiased resolution of disputes. The administrative bureaucracy was not created for a separate mission but solely to relieve the judiciary of its administrative duties, in order that Judges would be better able to devote themselves to their constitutionally appointed task of rendering justice. The employment of an administrative bureaucracy to serve the judiciary can never rise to the level of a “dual” mission with coequal status as it now asserts. Rather, while O.C.A. does formulate “policy”, as said term is defined by the Civil Service Law, it serves in an auxiliary status to the judiciary’s primary decision-making function.
Petitioner’s main contention is premised upon the assertion that PERB has misinterpreted the word “policy” as set forth in section 201 (subd 7, par [a]) of the Civil Service Law. It, indeed, has a heavy burden, in that PERB’s determination may not be overturned unless it is devoid of a rational basis (Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., 48 NY2d 398). “The scope of our review of PERB’s interpretation of the Civil Service Law is a limited one. Simply stated, unless the board’s determination was ‘affected by an error of law’ or was ‘arbitrary and capricious or an abuse of discretion’, we will not interfere” (48 NY2d, at p 404). Further, “[t]he construction given by the agency charged with administering the statute is to be accepted if not unreasonable.” (Matter of City of Albany v Helsby, 48 AD2d 998, 999.) Thus, even if O.C.A.’s interpretation of the meaning of the term “policy” could be upheld as reasonable, nevertheless, respondent’s determination must be sustained unless it is unreasonable or irrational. In arriving at its determination, PERB made a valid distinction between those decisions which theoretically help the judiciary’s work product by affording the context within which it is produced, and those decisions rendered daily by Trial and Appellate Judges which are in actuality the work product of the third branch of government. Thereafter, it found that only the former are “policy” decisions. Given PERB’s expertise and its mandate to interpret this statute in the first instance, this court cannot say that its interpre *989 tation is devoid of a rational basis. Accordingly, its determination must be sustained and the petition dismissed.