*607 OPINION OF THE COURT
Edward H. Lehner, J.
The prime issue raised by petitioner’s application to stay arbitration relates to the arbitrability of respondent union’s claim to represent three newly hired attorneys designated by petitioner as “managerial/confidential.”
In December 2005, petitioner created a new title of Supervising Court Attorney (JG 32 title), which it denominated as ‘ ‘managerial/confidential, ’ ’ and hired three attorneys to serve in that position in the Surrogate’s Court in three different counties within New York City. The respondent, the recognized representative of certain attorneys employed in the court system within the city, has filed a grievance under the subject collective bargaining agreement (CBA) contending that it is entitled to represent said employees. The grievance has been rejected through the two-step procedure of the CBA, and the respondent has made a demand for arbitration of the issue.
Petitioner argues that such issue is not subject to arbitration, but rather must be determined by the Public Employment Relations Board (PERB) pursuant to sections 205 (5) and 214 of the Civil Service Law, said sections being part of article 14, commonly referred to as the Taylor Law. On the other hand, the union contends that, in accordance with the “Recognition” section of the CBA (§ 1.2), the dispute should be determined through arbitration in accordance with the broad provisions of article 17 thereof.
Public employees who may be designated as “managerial” or “confidential” are described as follows in subdivision (7) (a) of Civil Service Law § 201:
“Employees may be designated as managerial only if they are persons (i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer to assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. Employees may be designated as confidential only if they are persons who assist and act in a confidential capacity to managerial employees described in clause (ii).”
Section 214 of the Civil Service Law provides that no managerial or confidential employee, as defined as aforesaid, may be a *608 member of an organization that represents the employees of “the public employer of such managerial or confidential employee.
Respondent maintains that, as a result of disputes in the 1970s as to the nature of the duties of employees designated as managerial or confidential, the following “Recognition” section (§ 1.2) has been contained in all CBAs executed since then:
“The State and the Union agree that should a classification or reclassification alter or convert present job titles within the City of New York herein specified or create new positions performing essentially similar work within the City of New York, then the Union shall continue to be recognized as the sole and exclusive collective negotiating representative for any employees employed in such new titles and/or positions.”
Article 17 of the CBA defines a “contract grievance” as “a dispute concerning the interpretation, application or claimed violation of a specific term or provision of this Agreement,” and sets forth a two-step grievance procedure and authorizes the union to “appeal to arbitration from an unsatisfactory grievance decision.” It further provides that the said arbitration procedure “shall be the exclusive grievance procedure for the resolution of such disputes.”
In rejecting respondent’s step 2 grievance, the petitioner’s deputy director for employee relations determined there was a lack of jurisdiction in that the “issue of whether or not a specific title or position is represented is not a subject for the grievance process,” concluding that the above-quoted section 1.2 “simply acknowledges that the Association is the appropriate representative,” only “where it is determined that a position or title will be represented.” It is from this ruling that respondent appeals by asserting a right to arbitrate the grievance. The three individuals involved herein are not parties, nor is their position on the issue presented known (tr at 11, 13).
At oral argument, the union took the position that it was up to petitioner to take the classification issue to PERB, and that, until it does so, the union is the legal representative of the three individuals, who are thus entitled to the benefits provided by it, but have to pay dues (tr at 15-18).
Petitioner argues the grievance was correctly rejected in that “section 1.2 does not govern the determination of whether or not a title is appropriately designated as managerial or *609 confidential, but rather concerns respondent’s right as a recognized collective negotiating representative to represent the titles that are not designated as managerial or confidential” (petitioner’s reply mem of law at 3-4). It, in essence, is asserting that section 1.2 complements section 1.1, which makes the respondent the “exclusive representative for collective negotiations . . . for full-time and part-time employees of the Unified Court System within the City of New York whose job title or position is set forth in Appendix A.”
Discussion
In Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.) (93 NY2d 132 [1999]), the Court reaffirmed the two-step analysis previously established in Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (42 NY2d 509 [1977]) to determine the arbitrability of a dispute between a public employer and its employees. The first issue is whether there is any public policy, statutory or constitutional restriction on arbitrating the controversy. Although in the Watertown case there was no dispute on that question, the Court noted the trend whereby the Court of Appeals “has overwhelmingly rejected contentions by public employers that particular issues fall outside the scope of permissible grievance arbitration” (93 NY2d at 138-139), noting that “the decisional law reflects the reality of greatly increased public sector arbitration, and its acceptance, compatible with the government’s public policy concerns.” (Id. at 139-MO.) The second step is to ascertain “whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA,” and, if “there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them” (id. at 143; see also Matter of Barnes [Council 82, AFSCME], 94 NY2d 719, 723 [2000]; Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 694 [2000]).
This past May, the Court of Appeals restated the law with respect to the arbitrability of disputes involving public employment as follows in Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807 (8 NY3d 513, 518-519 [2007]):
*610 “The Taylor Law empowers and, in fact, requires a public employer to bargain with employee organizations and to enter written agreements governing the terms and conditions of employment . , . An employer has wide latitude to negotiate such terms and can agree to submit disputes to arbitration, subject, however, to the absence of plain and clear prohibitions in statute or controlling decision[al] law, or restrictive public policy . . .
“The threshold determination of whether a dispute is arbitrable is well settled. Proceeding with a two-part test, we first ask whether the parties may arbitrate the dispute by inquiring if there is any statutory, constitutional or public policy prohibition against arbitration of the grievance . . . If no prohibition exists, we then ask whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement.” (Internal quotation marks omitted; see also Matter of New York City Tr. Auth. v Transport Workers Union , of Am., Local 100, AFL-CIO, 99 NY2d 1 [2002]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of NY., 1 NY3d 72 [2003].)
Based upon the foregoing, the court concludes that the provisions cited above from the Taylor Law do not set forth “plain and clear prohibitions” on the arbitrability of the issue as to whether employees are “managerial or confidential.” Section 201 defines these terms and section 214 merely states that if an employee is managerial or confidential, he or she may not belong to a public employee union. There is nothing in the Taylor Law specifically prohibiting a public employer and a union from agreeing to submit to arbitration the issue as to whether an employee’s duties bring the employee within the definition of said terms. While PERB may have jurisdiction to decide such issues (see Matter of Evans v Public Empl. Relations Bd., 113 Misc 2d 986 [Sup Ct, Albany County 1982]; Matter of Lippman v Public Empl. Relations Bd., 263 AD2d 891 [3d Dept 1999]), Civil Service Law § 205 (5) is not a prohibition against the arbitration demanded herein as there is nothing in the statute designating it as the exclusive forum to resolve the factual controversy reused by the union. In Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn (Auburn Teachers Assn.) 49 AD2d 35 [4th Dept 1975], lv denied 38 NY2d 740 *611 [1975]), it was held that the fact that PERB had jurisdiction over the subject controversy did not mean that the parties should not proceed to arbitration as provided in the applicable CBA, the Court ruling that (at 40):
“even if this is a jurisdictional dispute, a direction that it proceed to arbitration does not necessarily oust PERB of its jurisdiction. If arbitration fails to resolve the matter to the satisfaction of both parties, the party remaining aggrieved may still bring it before PERB, or seek redress in the courts. Arbitration provides just another opportunity to resolve this dispute amicably and internally before the parties reach their limits of tolerance and external authorities must be called upon to intervene. This procedure has been sanctioned by the United States Supreme Court in Carey v Westinghouse Corp. (375 U.S. 261, revg. 11 NY2d 452), where a very analogous factual situation was presented, and is in accord with the principles of the Taylor Law.” (See also Matter of Board of Educ. of Bedford Cent. School Dist. [Bedford Teachers Assn.], 67 AD2d 474, 478-479 [2d Dept 1979].)
On the second aspect of the question of arbitrability, it seems evident that the subject matter of the dispute, i.e., are the affected new employees managerial or confidential, has a reasonable relationship to the provision of section 1.2 of the CBA whereby petitioner agreed that the union shall be the exclusive negotiating representative of persons retained in “new positions performing essentially similar work” as persons in existing job titles.
In light of the foregoing, it is concluded that the contention of respondent that petitioner is in violation of the CBA in classifying the three subject employees as “managerial/confidential,” and hence barred from belonging to the respondent union, is a controversy subject to being arbitrated under article 17 thereof. Hence, the motion of petitioner to stay arbitration is denied, and the cross motion of respondent is granted, and the parties are directed to proceed to arbitration in compliance with the procedure set forth in said article 17.