**Julio RODRIGUEZ et al.,**
**Plaintiffs-Appellants,**

v.

**CONAGRA, INC., et al.,**
**Defendants-Appellees.**

No. 75–1018.

United States Court of Appeals,
First Circuit.

Submitted Nov. 14, 1975.

Decided Jan. 8, 1976.

---

George L. Weasler, Pedro E. Purcell Ruiz, and Joseph Calderon Cruz, Santurce, P. R., on brief for plaintiffs-appellants.

Juan F. Doval and Francis, Doval, Colorado & Carlo, Hato Rey, P. R., on brief for defendants-appellees.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

ALDRICH, Senior Circuit Judge.

In this case, brought by appellants, former employees, against their private employers, alleging violation of their civil rights under 42 U.S.C. § 1983, appellants may be entitled to high marks for imagination, but nothing else. Defendant appellees, Conagra, Inc. and Molinos de Puerto Rico, Inc., its wholly-owned subsidiary, hereafter, collectively, defendant, found itself in a labor dispute. Appellants sought to invoke the jurisdiction of the National Labor Relations Board, but were turned down on the ground that they were supervisors, 29 U.S.C. § 164(a), and, therefore, not employees entitled to the protection of the National Labor Relations Act. The Puerto Rico Labor Relations Board also refused to issue a complaint, apparently on jurisdictional grounds. Briefly, the asserted underlying facts were that appellants became engaged in a dispute with defendant because of its failure to recognize their union. One of appellants was discharged because of his overvigorous behavior. The others thereupon resigned in protest. Appellants now allege that their civil rights, notably their constitutional rights of free speech and association, but also of property, were infringed.

Passing the question whether appellants could be thought to allege any rights at all, we are at a loss to see where it could be thought that defendant's actions involved any state action, a basic requirement for recovery under section 1983.* *Jackson v. Metropolitan Edison Co.*, 1974, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477; *Adickes v. S. H. Kress & Co.*, 1970, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142. The Puerto Rico Labor Relations Board's mere refusal to protest a private action is not state action, *see Jackson v. Metropolitan Edison Co.*, supra; *cf. NLRB v. Edward G. Budd Mfg. Co.*, 6 Cir., 1948, 169 F.2d 571, *cert. denied sub nom. Foreman's Assoc. of America v. Edward G. Budd Mfg. Co.*, 335 U.S. 908, 69 S.Ct. 411, 93 L.Ed. 441, the more particularly because that Board is without power to prohibit the discharge of supervisors because of their union membership. *Beasley v. Food Fair of North Carolina, Inc.*, 1974, 416 U.S. 653, 94 S.Ct. 2023, 40 L.Ed.2d 443. Appellants offer no suggestion as to how anything the named defendant did, or did not do, involves state action. The discussion of involuntary servitude prior to the Civil War is scarcely pertinent. At best, the case at bar involves the continuation, vel non, of private employment voluntary on both sides.

We have studied the briefs. No oral argument could breathe life into this case. The judgment is affirmed under Local Rule 12.

* Actions involving only the federal government are beyond the scope of section 1983. *District of Columbia v. Carter*, 1973, 409 U.S. 418, 92 S.Ct. 683, 30 L.Ed.2d 661.