MARSHALLTOWN EDUCATION
ASSOCIATION, Appellant,

v.

PUBLIC EMPLOYMENT RELATIONS
BOARD, Appellee,

and

Marshalltown Community School
District, Intervenor.

No. 64063.

Supreme Court of Iowa.

Dec. 17, 1980.

Charles E. Gribble, of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Nancy D. Powers, Frank J. Stork, Asst. Attys. Gen., Steven F. McDowell, PERB, Susan K. Schreurs, PERB, and N. Morrison Torrey, PERB, Des Moines, for appellee.

Rex J. Ryden and John F. Veldey of Cartwright, Druker & Ryden, Marshalltown, for intervenor.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE, and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

The fighting issue in this PERA appeal is whether a contract proposal that the employer's administrative employees retain and accumulate seniority to be used if they are reassigned by the employer to the bargaining unit constitutes a mandatory subject of bargaining under section 20.9, The Code 1979. We hold this is not a mandatory subject of bargaining.

Petitioner Marshalltown Education Association and intervenor Marshalltown Community School District were negotiating a 1979–80 collective bargaining agreement in early January 1979. They reached an impasse when the District made the following proposal:

> Administrators who are in positions not covered by the bargaining unit shall, in the event of a layoff or reduction in force at the administrative level, nevertheless retain bargaining unit seniority . . . in their major teaching area which can be used by them if they are reassigned by the Board to the bargaining unit.

The Association argued the proposal advanced a nonmandatory subject of bargaining and refused to discuss the clause. After a fact–finding hearing ended in disagreement on this point, the Association on January 17, 1979, filed a petition with the Public Employment Relations Board (PERB) for expedited resolution of negotiability dispute pursuant to 660 Iowa Administrative Code section 6.3(2).

January 24, 1979, PERB ruled the District's proposed clause was a mandatory subject of bargaining. February 7, 1979, the Association filed a Petition for Judicial Review in Polk District Court. The District's motion to intervene was granted April 12, 1979.

August 22, 1979, district court affirmed PERB's decision that the Association must negotiate the District's proposal. The Association timely appealed. We questioned whether we had jurisdiction to consider the appeal due to certain procedural irregularities and requested supplemental briefs. These briefs have satisfied us this controversy is before this court for final disposition.

I. The question here is not whether seniority is a mandatory subject of bargaining under section 20.9, The Code. That is conceded. The issue is whether the Association must negotiate about the persons specified in the District's proposal. To the extent this would require any interpretation of "seniority" as that term appears in section 20.9, we adopt a restrictive approach. *Charles City Community School District v. PERB*, 275 N.W.2d 766, 773 (Iowa 1979).

Principles governing our review were capsulated in *Charles City Community School District*, 275 N.W.2d at 769:

> We do not decide whether a particular contract proposal is fair or financially reasonable and leave those determinations to the parties or the arbitrator, if the parties cannot reach agreement on terms. We look only at the subject matter and not the merits of the proposals at issue.
>
> Although we give weight to the interpretation by the Board, we are not bound by Board interpretations of law and must make an independent determination of the meaning of the statute.

(Citations omitted.) *See also Charles City Education Association v. PERB*, 291 N.W.2d 663, 666 (Iowa 1980).

■ Where, as here, we review a district court decision rendered pursuant to section 17A.19, The Code, the sole question is whether the district court correctly applied the law. In order to make that determination, we apply the standards of section 17A.19(8), The Code, to the Board's action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426, 429–30 (Iowa 1979).

■ Narrowing our focus,

[w]e apply a two–step analysis in considering whether a proposal is within the

scope of mandatory bargaining under section 20.9. *Charles City*, 275 N.W.2d at 773. The proposal must come within the meaning of one of the subjects listed as mandatory in section 20.9 .... Secondly, there must be no legal prohibition against bargaining on the particular topic.

*Charles City Education Association v. PERB*, 291 N.W.2d at 666.

II. The Association contends it should not be compelled to negotiate benefits for a group of employees who are excluded from the provisions of the Public Employment Relations Act and from the bargaining unit.

■ The PERA, section 20.3(3), The Code, defines "public employee" as "any individual employed by a public employer, except individuals exempted under the provisions of section 20.4." Section 20.4 provides:

The following public employees shall be excluded from the provisions of this chapter:

. . . . .

2. Representatives of a public employer, including the administrative officer, director or chief executive officer of a public employer or major division thereof as well as his deputy, first assistant, and any supervisory employees.

. . . . .

All school superintendents, assistant superintendents, principals and assistant principals shall be deemed to be supervisory employees.

Thus the legislature excluded school administrators from those persons permitted to exercise "public employee rights," including the right to organize, negotiate collectively through representatives of their own choosing, and "[e]ngage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." § 20.8, The Code.

Neither are the administrators in question members of this particular bargaining unit. The bargaining unit as certified by PERB excluded them:

EXCLUDED: Superintendent, assistant superintendents, principals, assistant principals, director of elementary education, department coordinators, director of guidance, girls advisor, athletic director, para–professional staff, custodial and maintenance personnel, food service personnel, transportation department personnel, office clerical employees, supervisors and other personnel excluded by Section 4 of the act.

The Association argues the District should not be permitted to bargain indirectly for the school administrators when the administrators could not bargain directly. It relies on *Chemical & Alkali Workers Local 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). The *Chemical Workers* Court endorsed the rule that the scope of the bargaining unit controls the extent of the obligation to bargain. *Id.* at 165, 92 S.Ct. at 390, 30 L.Ed.2d at 349. It held the employer had no mandatory obligation to bargain about improved insurance benefits for retired employees, rejecting the concept such benefits "vitally" affected the "terms and conditions of employment" of active employees by influencing the value of both their current and future benefits. *Id.* at 176–78, 92 S.Ct. at 396 97, 30 L.Ed.2d at 356–57.

Further, as a policy consideration, the Association argues a conflict of interest question is created when administrators who may be negotiating for the District, or advising negotiators, have a personal stake in certain proposals that may be used as trading stock.

PERB contends the District does not seek to negotiate for its administrators *qua* administrators but merely seeks to provide "for the specific initial seniority placement of a group of future employees, which placement will take effect *only* when members of this group of future employees become a part of the bargaining unit." PERB relies on *Area IV Community College Education Association and Merged Area IV School District*, and *Iowa Central Community College Education Association and Merged Area V School District*, PERB

Cases Nos. 663 and 674 (1976), where the Board held an Association could compel the District to bargain about the credit to be given prior years of experience in teaching and other activities against entry on the "Districts' Salary Schedule" when an instructor is first employed, or reemployed.

The intervenor District's brief supports PERB's rationale, and asserts the identical issue was decided (adversely to the Association's position in this appeal) by the National Labor Relations Board in *Mobil Oil Co. and Local 7–644, Oil, Chemical & Atomic Workers International Union*, 147 NLRB 337, 56 LRRM 1215 (1964). In that case the seniority clause in issue provided:

> *If an employee covered by this Agreement or any previous agreement* is or has been promoted to a Management position, he will retain all position seniority in the department which he left and will accumulate plant seniority during the period he holds a Management position.

147 NLRB at 338, 56 LRRM at 1215 (emphasis supplied).

It is readily apparent that, unlike *Mobil Oil*, the proposal in the appeal before us is not limited to present teachers in the bargaining unit who may later become administrators. Nor is it limited to administrators who were in the bargaining unit as teachers in the past when a clause was negotiated regarding seniority of teachers who thereafter became administrators. Rather, the contested proposal relates to administrators who are not and may never have been bargaining unit members. *Mobil Oil* is not persuasive precedent here.

Further, it seems plain that the legislature excluded supervisory personnel–specifically, the administrators involved here-from those entitled to rights under PERA in order to protect the public and avoid the conflicts of interest inherent in the situation before us. *See Beasley v. Food Fair, Inc.*, 416 U.S. 653, 659–62, 94 S.Ct. 2023, 2027–28, 40 L.Ed.2d 443, 449–51 (1974); *Rodriguez v. Conagra, Inc.*, 387 F.Supp. 951, 954 (D. Puerto Rico 1974), *aff'd*, 527 F.2d 540 (1st Cir. 1976).

Applying the two–prong test, *Charles City Education Association*, 291 N.W.2d at 666, we find the test's second step, relating to the legality of the proposed topic, controls the issue before us. The proposal illegally seeks to impose mandatory bargaining for the benefit of persons who are excluded both from the act and from the bargaining unit. This feature distinguishes the case before us from *Area College* as well as from *Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953), both relied upon by PERB. Supervisors and administrators were not included in the proposals in those proceedings.

We hold PERB erred in holding the Association was required to negotiate the above proposal. The district court affirmed only by narrowing the question with the following finding:

> The court views this proposed provision of the collective bargaining agreement as only dealing with those members who were in the past or are presently members of the Marshalltown Education Association.

This "finding" may have been an attempt to restrict the court's holding to the *Mobil Oil* situation.

But nothing in the proposal or record so narrowed the issue, and PERB asserts its holding was not so limited. Accordingly, the district court's straight affirmance of PERB's ruling creates a basic inconsistency between its finding and its holding. The district court's decision, if based on its narrowed "view" of the proposal, might be right but it would be advisory in determining issues not presented by this case. We do not reach those questions here. We therefore reverse the district court's ruling.

REVERSED.