**APLINGTON COMMUNITY SCHOOL DISTRICT, Appellee,**

v.

**IOWA PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant,**

**Aplington Education Association, Intervenor-Appellant,**

and

**Iowa Association of School Boards, Intervenor-Appellee.**

No. 85–1603.

Supreme Court of Iowa.

Aug. 20, 1986.

James H. Gilliam, Des Moines, for appellant.

Charles E. Gribble of Sayre & Gribble, Des Moines, for intervenor-appellant.

Steven A. Weidner of Swisher & Cohrt, Waterloo, for appellee.

John R. Phillips, Russell L. Samson of Rogers, Phillips & Swanger, Des Moines, for intervenor-appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, LARSON and CARTER, JJ.

McGIVERIN, Justice.

At issue in this appeal is whether certain contract proposals made by a public employee organization, Iowa Code section 20.-3(4) (1983), in collective bargaining negotiations with a public employer, section 20.-3(1), are mandatory subjects for bargaining under Iowa Code section 20.9 of the Public Employment Relations Act (PERA). *See* Iowa Code ch. 20. The district court ruled they were not mandatory subjects. We reverse.

The Aplington Community School District (district) and the Aplington Education Association (association), the exclusive collective bargaining agent for school teachers and other professional non-supervisory employees in the district, were parties to a collective bargaining agreement which was due to expire before the 1985–86 school year. In December 1984, the parties began negotiating a successor contract to commence in July 1985.

During negotiations, the association proposed that an article on evaluations be included in the contract. The relevant sections of that proposal are set forth as follows:

EVALUATION FACTORS

The employee will be evaluated in consideration of his/her past education and training in relation to the course(s) that he/she has been asked to teach by the District, on a comparison of the bargaining unit member's knowledge of the subject matter as to whether said knowledge meets, exceeds or is less than that possessed by others teaching the same subject or grade level and the interest and welfare of public school students in terms of how effectively the subject matter is communicated to the students. Factors which the District's designat-

ed evaluators shall consider are set forth within the employee evaluation form, Schedule D, which written evaluation form is by this reference made a part herein.

## SCHEDULE D

Name of Employee _____

Date of Evaluation _____

The evaluator shall consider the following factors:

A.  Past education and training of the teacher with regard to the course(s) the bargaining unit member has been asked to teach by the District.

B.  A comparison of the teacher's knowledge of the subject matter as to whether it meets, exceeds or is less than that of other employees doing comparable work.

C.  The interest and welfare of the students in terms of the employee's ability to communicate the subject matter effectively to the students.

D.  Indicate areas of strength and/or areas needing improvement and recommendations for improvement.

E.  Overall rating of employee:

_____Satisfactory              _____Unsatisfactory

F.  Employee's reaction (to be filled in by the employee).

_____       _____
Signature of Employee                 Signature of Evaluator

_____       _____
Date                                  Date

A signature on this appraisal form does not necessarily mean the employee agrees with the opinions expressed, but merely indicates she/he has read the analysis, had an opportunity for discussion and understands that she/he has the privilege of providing his/her own reactions to the evaluation.

---

The association contended that the proposal constituted a mandatory subject of bargaining while the district argued that it did not.

There was a second proposal by the association which was in dispute. That provision stated:

RIGHT TO GRIEVE

All employees' evaluations are to be fair and accurate. An employee who has been evaluated has the right to grieve all evaluations including the right to challenge said evaluations as unfair, unjust, or inaccurate through the grievance procedure set forth in this contract.

The association filed a petition, as amended, with the Iowa Public Employment Relations Board (PERB), Iowa Code sections 20.5–.6, seeking an expedited resolution as to whether the two proposals submitted by the association were mandatory subjects of collective bargaining under Iowa Code section 20.9. *See* 660 Iowa Admin.Code 6.3(2).

The first question of negotiability submitted for resolution was whether a public employer must bargain about criteria by which its employees would be evaluated.

As to the second proposal, the association claimed that the right-to-grieve provision was a mandatory subject for collective bargaining while the district argued that it was not. Thus, a second question before PERB was whether the right to grieve evaluations constituted a mandatory subject of bargaining.

The Iowa Association of School Boards (IASB) sought to intervene in those proceedings on behalf of the public employer, the district. 660 Iowa Admin.Code 2.4(20). It contended that both proposals regarding evaluations were not mandatory subjects of bargaining. IASB's request to intervene was granted by PERB. *See* 660 Iowa Admin.Code 1.6(3)(d).

Following a hearing, PERB issued a ruling finding both proposals, including evaluation criteria and the right to grieve, constituted matters for mandatory collective bargaining.

The school district then filed a petition for judicial review in district court. Iowa Code § 17A.19. IASB was allowed to intervene in these proceedings. Iowa Code § 17A.19(2); Iowa R.Civ.P. 75–76. The association intervened on the side of PERB. The district court reversed the ruling of PERB and concluded that neither of the disputed proposals was a mandatory subject for bargaining.

From this ruling, both PERB and the association appealed. Iowa Code § 17A.20. Thus, we must determine whether the two specific proposals constitute mandatory or permissive subjects of collective bargaining.

■■■ I. *Scope of review.* Prior to deciding the negotiability of the items before us, we make several preliminary observations. Our scope of review of PERB decisions is at law. *Charles City Education Association v. Public Employment Relations Board,* 291 N.W.2d 663, 666 (Iowa 1980). We give weight to PERB's construction of the statute, but we are not bound by its determinations. *Id.* Only the subject matter, not the merits, of a certain proposal is considered by this court in determining the negotiability of a particular item. *Woodbine Community School District v. Public Employment Relations Board,* 316 N.W.2d 862, 864 (Iowa 1982).

II. *Scope of negotiations.* Bargaining topics affecting public employment are categorized as either mandatory or permissive for purposes of negotiation. *City of Fort*

*Dodge v. Iowa Public Employment Relations Board,* 275 N.W.2d 393, 395 (Iowa 1979). It is important to properly categorize a particular topic because only mandatory subjects must be negotiated, and failure to resolve such issues may lead to binding arbitration. Iowa Code §§ 20.9, 20.10 and 20.18–.22.

The scope of mandatory negotiations regarding public employees is set forth in Iowa Code section 20.9. That statute provides in part:

> The public employer and the employee organization shall meet at reasonable times, including meetings reasonably in advance of the public employer's budget-making process, *to negotiate in good faith with respect to* wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, *evaluation procedures,* procedures for staff reduction, in-service training and other matters mutually agreed upon. *Negotiations shall also include* terms authorizing dues checkoff for members of the employee organization and *grievance procedures* for resolving any questions arising under the agreement, which shall be embodied in a written agreement and signed by the parties.

(Emphasis added.)

This PERA section dealing with scope of negotiations is much more restrictive than is the National Labor Relations Act, 29 U.S.C. § 158(d), which does not specifically list the items considered to be mandatory subjects of bargaining. For this reason, we have concluded that mandatory topics are restricted to those specifically delineated in Iowa Code section 20.9. *City of Fort Dodge,* 275 N.W.2d at 398. Therefore, we first determine if a disputed topic falls within one of the mandatory bargaining categories listed in section 20.9. If so, we then consider whether there is a legal prohibition against bargaining on the particular subject. *City of Mason City v. Public Employment Relations Board,* 316

N.W.2d 851, 853 (Iowa 1982); *Marshall-town Education Association v. Public Employment Relations Board,* 299 N.W.2d 469, 470–71 (Iowa 1980).

III. *The association's proposals.* Keeping the general principles discussed above in mind, we consider each of the association's proposals. Because the parties have not claimed that either of the proposals is illegal in any way, our only inquiry concerns whether the proposals fall within a mandatory bargaining category.

A. *Evaluation criteria.* The association urges us to hold that the criteria for teacher evaluation fall within the term "evaluation procedures" which is a mandatory bargaining subject under section 20.9. It relies on our decision in *Saydel Education Association v. Public Employment Relations Board,* 333 N.W.2d 486 (Iowa 1983), where we considered the terms "transfer procedures" and "procedures for staff reduction."

The district, on the other hand, contends that the term "evaluation procedures" as it is used within the statute does not include substantive criteria. It cites some previous PERB decisions as well as authorities from other jurisdictions in support of its position. *See University Education Association v. Regents of the University of Minnesota,* 353 N.W.2d 534 (Minn.1984). It also relies upon Iowa Code section 279.14 which refers to "evaluation criteria" and "evaluation procedures."

In *Saydel,* we considered the statutory phrases "transfer procedures" and "procedures for staff reduction" within Iowa Code section 20.9. There, the school district proposed that certain criteria other than seniority, such as skill, ability and experience, could be considered by the district in connection with staff transfers or reductions. 333 N.W.2d at 487. The district claimed that the proposal was a mandatory subject of bargaining. We agreed and stated that the term "procedures" in the PER Act had a broader meaning than it had been given in previous PERB decisions.

In *Saydel* we were fully cognizant of the broad public employer rights contained in

Iowa Code section 20.7. We concluded, however, that the term "procedures" in section 20.9 necessarily included substantive criteria. 333 N.W.2d at 488–89.

We pointed out in *Saydel* that under the impasse provisions of PERA, the term "procedures" is given a broad meaning. If negotiations reach an impasse and arbitration is requested, the panel of arbitrators will consider past collective bargaining contracts, a comparison of wages, hours and conditions of employment of employees doing comparable work as well as the interest and welfare of the public. Thus, there is reference to substantive criteria within the impasse procedures. *See* Iowa Code § 20.-22(9). The evaluation procedures criteria proposed by the association in this case have similarities to the impasse procedures criteria in that some comparisons of substantive factors are involved. They are also similar to the transfer procedures and procedures for staff reduction criteria found to be mandatory subjects for negotiation in *Saydel. Id.* at 488–89.

The statutes and decisions from other jurisdictions on this issue are not helpful, as each state and the federal government has its own statute and philosophy. This is especially true with the Iowa statute which has a restricted list of topics for mandatory bargaining. *See* Note, *The Scope of Negotiations Under the Iowa Public Employment Relations Act,* 63 Iowa L.Rev. 649, 667–68 (1978).

A final point we consider under this issue is whether Iowa Code section 279.14 would allow us to make a distinction between "evaluation procedures" and "evaluation criteria." That code section provides:

> The [school] board shall establish evaluation criteria and shall implement evaluation procedures. If an exclusive bargaining representative has been certified, the board shall negotiate in good faith with respect to evaluation procedures pursuant to chapter 20.

Section 279.14 only establishes a requirement upon a school district to bargain with employee organizations concerning "evalu-

ation procedures" as set forth in chapter 20. The term "procedures" was interpreted by this court in *Saydel* to include evaluation criteria. If, however, the teachers are not represented by an employee organization or they choose not to demand bargaining on evaluation procedures, section 279.14 imposes a duty upon the school district to implement an evaluation system for teachers. The teachers here, however, were represented by an employee organization that demanded bargaining on evaluation procedures.

We conclude that section 279.14 does not assist the district's position in this case.

■ No principled distinction exists between the facts existing in *Saydel* and those in the present case. It would be inconsistent for us to conclude that the term "procedures" has a different meaning within section 20.9 when it refers to transfer or staff reductions than when it follows the word "evaluation." Therefore, we conclude that substantive criteria are encompassed within the term "evaluation procedures." The district was obligated to bargain with the association on this mandatory subject under section 20.9.

■ B. *Right to grieve.* Because we have determined that evaluation criteria are included in "evaluation procedures" as a mandatory subject for collective bargaining, we believe that the grievance procedures related to such a topic also are subject to mandatory negotiation. The district in its brief acknowledges that if the "evaluation criteria" proposal is held to be a mandatory subject of bargaining, then the "grievance" proposal also would be a mandatory subject. This is consistent with our conclusion that the term "evaluation procedures" within section 20.9 is to be interpreted in line with *Saydel.*

Further, the grievance of a particular evaluation decision would ensure that the established criteria were rationally and fairly applied. Precluding grievance of evaluation decisions would render any negotiated procedural fairness meaningless where the procedures have been satisfied but the criteria have been misapplied or ignored. There is no public policy which precludes an arbitrator from resolving questions of teacher performance as measured by evaluations. *Iowa City Community School District v. Iowa City Education Association,* 343 N.W.2d 139, 145 (Iowa 1983).

IV. *Disposition.* We have determined that both proposals constitute mandatory subjects of bargaining under Iowa Code section 20.9. Therefore, we conclude that the district was required to negotiate on them.

The ruling of the district court is reversed and we uphold the decision of the Public Employment Relations Board.

REVERSED.