**NORTHEAST COMMUNITY SCHOOL DISTRICT, Appellee,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant,**

**Northeast Community Education Association, Intervenor-Appellant.**

No. 86–705.

Supreme Court of Iowa.

June 17, 1987.

Thomas J. Miller, Atty. Gen., James H. Gilliam and Kathryn A. Nowack, Des Moines, for appellant.

Charles E. Gribble and Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for intervenor-appellant.

Brian L. Gruhn and Steven E. Howes, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The issue we must decide in this appeal is whether four contract proposals are mandatory subjects of bargaining under Iowa Code section 20.9 (1983). The Northeast Community Education Association (association) made the proposals in collective bargaining negotiations with the Northeast Community School District (school district). The association is a public employee organization under Iowa Code section 20.3(4), and the school district is a public employer under Iowa Code section 20.3(1).

In an administrative hearing, the Public Employment Relations Board (PERB) held that the four proposals at issue were mandatory subjects of bargaining. On judicial review, the district court disagreed and held that the four proposals were permissive subjects of bargaining. *See* Iowa Code § 17A.19. The district court made its ruling before we decided *Aplington Community School District v. Iowa Public Employment Relations Board,* 392 N.W.2d 495 (Iowa 1986). On the basis of our decision in *Aplington,* we hold that the proposals are mandatory and reverse the judgment of the district court.

I. During the fall and winter of the 1982–83 school year, the association and the school district were engaged in negotiations for a collective bargaining agreement. A dispute arose regarding the mandatory nature of four of the proposals urged by the association. Three of the disputed proposals involved teacher evaluations, and one provided for a process by which to grieve inappropriate or erroneous evaluations.

The determination whether a proposal is mandatory or permissive is significant. If a proposal is mandatory, the public employer and the employee organization must meet to negotiate the terms of the proposal. Iowa Code § 20.9. Impasse and arbitration procedures are available to settle disagreements about mandatory subjects of bargaining. *See Aplington,* 392 N.W.2d at 498; *Saydel Educ. Ass'n v. PERB,* 333 N.W.2d 486, 487 (Iowa 1983); Iowa Code §§ 20.9, 20.10, 20.18–.22.

The following emphasized parts of the association's proposals are at issue in this case:

Proposal 3–Evaluation Procedure: (PERB Case No. 2414)

3.1 The following teacher evaluation procedure shall be established:

3.1(5) Each formal written evaluation shall be preceded by at least one classroom observation of at least twenty (20) consecutive minutes or a class lesson, whichever is longer. No less than three formal evaluations shall be written for an employee during the teacher's first full year of service with the District. All other teachers shall receive at least one formal evaluation every three years. *If the employee is evaluated more than once during the year, the last evaluation may summarize any changes noted during the course of the year.*

3.2 Employees other than regular full-time classroom teachers, such as librarians or counselors or teachers whose duties involve non-classroom

teaching, shall be evaluated in accordance with the provisions, whenever applicable, but there is no requirement of formal observations of actual teaching or performance of duties. *The administration shall endeavor to develop means of observations during teaching or performance of duties which will not be disruptive or burdensome.*

3.3 *If, as a result of evaluation procedures, the building principal observes problem(s) in the performance of duty of an employee, then, in that case, the building principal shall offer suggestion(s) that might bring about improvement in the performance of these duties.*

Proposal 6–Evaluation Procedure: (PERB Case No. 2390)

*If an employee believes an evaluation to be inappropriate or in error, he/she may receive adjustment through Article 2, grievance procedure, whereupon the material will be adjudicated correct, or shall be corrected or expunged.*

Iowa Code section 20.9 addresses the scope of mandatory negotiations, providing in part that

[t]he *public employer and the employee organization shall meet at reasonable times,* including meetings reasonably in advance of the public employer's budget-making process, *to negotiate in good faith with respect to* wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, *evaluation procedures,* procedures for staff reduction, in-service training and other matters mutually agreed upon. *Negotiations shall also include* terms authorizing dues checkoff for members of the employee organization and *grievance procedures* for resolving any questions arising under the agreement, which shall be embodied in a written agreement and signed by the parties.

(Emphasis added.)

The association argued the disputed proposals fall within the scope of section 20.9 because they constitute evaluation procedures and grievance procedures, both of which are mandatory subjects of bargaining.

To resolve these issues, petitions for "expedited resolution of negotiability dispute" were filed with PERB in February 1983 by the association (PERB Case No. 2390) and the school district (PERB Case No. 2414). *See* 660 Iowa Admin. Code 6.3(2) (currently found at 621 Iowa Admin. Code 6.3(2) (1986)). The cases were consolidated. PERB ruled on the petitions on June 17, 1983, and held that all four proposals were mandatory.

In July 1983 the school district filed a petition for judicial review in the Clinton County District Court. *See* Iowa Code § 17A.19.

On January 14, 1985, the district court found that PERB had failed to consider the proposals in light of Iowa Code section 279.14, which provides that

[t]he [school] board shall establish evaluation criteria and shall implement evaluation procedures. If an exclusive bargaining representative has been certified, the board shall negotiate in good faith with respect to evaluation procedures pursuant to chapter 20.

Based on this section, the district court concluded the terms "evaluation procedures" and "evaluation criteria" are mutually exclusive. Thus, the court ruled the disputed proposals, which the court found to involve substantive considerations or "criteria," could not be evaluation procedures under section 20.9. The district court remanded the consolidated case to PERB so that PERB could apply section 279.14, as construed by the court, to the proposals.

On March 28, 1985, the association withdrew its petition in PERB case number 2390, which involved proposal 6 (grievance procedure). PERB, however, refused to consider the grievance procedure issue moot because of its public importance and the likelihood the issue would recur.

In its May 20, 1985, ruling on remand, PERB applied section 279.14, as construed by the district court, to the disputed proposals. PERB relied on our decision in *Saydel* in holding that criteria to be applied during the evaluation process were included within the scope of "evaluation procedures" under section 20.9 and thus were mandatory subjects of bargaining. *See Saydel Educ. Ass'n v. PERB*, 333 N.W.2d 486, 488–89 (Iowa 1983) (criteria to be considered in effecting transfer and staff reductions fall within section 20.9 "transfer procedures" and "procedures for staff reduction" and are mandatory subjects of bargaining). PERB decided that the four proposals, including the grievance proposal, were mandatory subjects and found no impact on the school district's authority to establish evaluation criteria under section 279.14.

In June 1985 the association filed a judicial review petition in the Iowa District Court for Polk County concerning PERB's refusal to withdraw proposal 6 from its consideration. In the same month the school district again filed a petition for judicial review in the Iowa District Court for Clinton County. *See* Iowa Code § 17A.19. By agreement of the parties, the association's appeal was transferred to Clinton County and was consolidated with the school district's appeal.

In a ruling filed April 25, 1986, the Clinton County District Court upheld PERB's refusal to allow the association to withdraw the grievance proposal from PERB's consideration. The court agreed the issue was of public importance and likely to recur. The court reversed PERB's decision regarding the nature of the disputed proposals, however, and held all four proposals to be permissive, not mandatory, subjects of bargaining.

Both PERB and the association appealed the district court's ruling. On appeal, the association does not contest the court's decision regarding the association's attempt to withdraw its petition. Thus, the only issue raised is whether the district court erred in holding that the four proposals were permissive subjects of bargaining under Iowa Code section 20.9.

■ II. The school district concedes on appeal that our decision in *Aplington* effectively disposes of three of the disputed proposals: 3.1(5), 3.2, and 6.

We held in *Aplington* that a proposal regarding criteria by which employees of a school district would be evaluated was a mandatory subject of bargaining. *See* 392 N.W.2d at 500. We decided that the term "procedures" as used in section 20.9 has a broad meaning which includes evaluation criteria. *Id.* at 499–500 (citing *Saydel Educ. Ass'n v. PERB*, 333 N.W.2d 486, 488–89 (Iowa 1983)).

We also rejected the argument that section 279.14 requires us to make a distinction between "evaluation criteria" and "evaluation procedures." *See Aplington*, 392 N.W.2d at 499–500. We noted that

> [s]ection 279.14 only establishes a requirement upon a school district to bargain with employee organizations concerning "evaluation procedures" as set forth in chapter 20.... If, however, the teachers are not represented by an employee organization or they choose not to demand bargaining on evaluation procedures, section 279.14 imposes a duty upon the school district to implement an evaluation system for teachers.

*Id.* The association in the present case did demand bargaining on evaluation procedures under chapter 20. Thus, section 279.14 does not apply; the district court should not have considered section 279.14 in reviewing the disputed proposals.

The *Aplington* case involved a proposal, similar to proposal 6 in the present appeal, that gave employees the right to grieve evaluations. We held that the grievance proposal was a grievance procedure under section 20.9 and was a mandatory subject of bargaining. *Aplington*, 392 N.W.2d at 500.

We agree with the parties that proposals 3.1(5), 3.2 (evaluation procedures), and proposal 6 (grievance procedure) constitute mandatory subjects of bargaining in accord with our recent decision in *Aplington*.

■ III. We next address the remaining disputed proposal, 3.3. This proposal,

popularly referred to as a remediation proposal, provides:

> If, as a result of evaluation procedures, the building principal observes problem(s) in the performance of duty of an employee, then, in that case, the building principal shall offer suggestion(s) that might bring about improvement in the performance of these duties.

Our inquiry on appeal is limited to a determination whether proposal 3.3 is a mandatory subject of bargaining under section 20.9.[1] *See Charles City Community School Dist. v. PERB*, 275 N.W.2d 766, 769 (Iowa 1979). If so, we then consider whether there is a legal prohibition against bargaining on the particular subject. *Aplington*, 392 N.W.2d at 498. Because the parties have not claimed that the disputed proposal is illegal, our only inquiry concerns whether the proposal falls within the mandatory bargaining category of evaluation procedures.

The district court relied on Iowa Code section 20.7 in making its decision. Section 20.7 grants a public employer the exclusive power, duty, and the right to:

> 1. Direct the work of its public employees.
>
> . . . .
>
> 4. Maintain the efficiency of governmental operations.
>
> . . . .
>
> 6. Determine and implement methods, means, assignments and personnel by which the public employer's operations are to be conducted.

The district court ruled proposal 3.3 violated the broad exclusive rights granted public employers by section 20.7.

We considered the broad public employer rights contained in Iowa Code section 20.7 in *Aplington*. *See* 392 N.W.2d at 499. We concluded, however, that the disputed proposals constituted mandatory subjects of bargaining under section 20.9. *Id.* at 500. Section 20.9 provides exceptions to section 20.7. *See City of Fort Dodge v. Iowa*

*PERB*, 275 N.W.2d 393, 397 (Iowa 1979) (citing Pope, *Analysis of the Iowa Public Employment Relations Act*, 24 Drake L.Rev. 1, 34 (1974)).

■ If we determine a proposal falls within an exception established by section 20.9, then the proposal is subject to negotiation regardless of the broad grant of authority given to public employers under section 20.7. Furthermore, only the subject matter, not the merits, of a certain proposal is considered by this court in determining the negotiability of a particular item. *Aplington*, 392 N.W.2d at 498 (citing *Woodbine Community School Dist. v. PERB*, 316 N.W.2d 862, 864 (Iowa 1982)).

■ The school district argues proposal 3.3 involves a subject that is separate from evaluation procedures. The school district reasons that because the proposal reads, "If, as a result of evaluation procedures, . . .," the remediation proposal "concerns the matters which follow from the evaluation of employees." *See Western Hills AEA 12*, PERB Case No. 1848, at 11 (1981). We disagree.

The disputed proposal in *Aplington* listed the following as an evaluation factor on the evaluation instrument:

> D. Indicate areas of strength and/or areas needing improvement and recommendations for improvement.

392 N.W.2d at 497. We held that the entire proposal, including paragraph D, involved evaluation criteria and was subject to mandatory bargaining. *Id.* at 500.

The school district attempts to distinguish the remediation proposal in *Aplington* from proposal 3.3. We believe the two proposals are substantially the same. We are not convinced that the variation in wording makes proposal 3.3 different from the remediation proposal in *Aplington*, which we found to be a mandatory subject of bargaining.

Remediation is a part of the evaluation procedure. It is not, as the school district

---

1. PERB found the element of proposal 3.3 that identifies the building principal as the individual to perform the remediation is permissive. At oral argument the association and school district concurred in this finding. We therefore address only PERB's ruling that proposal 3.3, absent the permissive language, is mandatory.

argues, an undertaking separate and distinct from evaluation. Evaluation procedures would be incomplete without some indication from the employer as to how the employee's performance, as evaluated, might be improved. The basic purpose of supervision and evaluation of teachers is the improvement of instruction. If remediation were not considered to be a mandatory subject of bargaining, public employers would be prevented from insisting upon proposals linking training, transfers, and staff reductions to employee performance. *See* Iowa Code § 20.9. Such a result would ignore the purpose of evaluation procedures and would place severe limitations on a public employer's right to maintain staff quality.

Proposal 3.3 addresses how the district will use the evaluation procedures and the information gathered thereby. We agree with the district court's finding that the remediation proposal, which requires the principal to identify problems and to offer suggestions, "is more substantive than procedural and may involve the evaluation instrument." We have held, however, that the term "procedures" in section 20.9 necessarily includes substantive criteria. *Aplington*, 392 N.W.2d at 500. "Evaluation procedures" under section 20.9 include the duty to bargain over substantive criteria to be used in determining what constitutes a problem or an area needing improvement. The remediation proposal requires the district to advise employees on means of correcting performance that results in adverse evaluations.

We hold that evaluation proposal 3.3, except for the portion requiring the building principal to perform the remediation, falls within the broad view of the term "procedure" contemplated by us in *Saydel*. 333 N.W.2d at 488–89. Thus, the disputed proposal, with the above exception, constitutes a mandatory subject of bargaining under section 20.9.

We reverse the judgment of the district court and uphold the decision of the Public Employment Relations Board.

REVERSED.

All Justices concur except REYNOLDSON, C.J., who concurs in the result.