**WATERLOO POLICE PROTECTIVE ASSOCIATION, Appellee,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee.**

**CITY OF WATERLOO, Appellant,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee.**

No. 91–1470.

Supreme Court of Iowa.

March 24, 1993.

---

Donna Lesyshen and Sang–Ki Han, Asst. City Attys., for appellant.

Timothy C. Boller of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellee Waterloo Police Protective Ass'n.

Jan Berry and Diane Tvrdik, Des Moines, for appellee Public Employment Relations Bd.

CARTER, Justice.

The City of Waterloo (the City) and the Waterloo Police Protective Association, an employee union (the union), both appeal from a judgment upholding a decision of the Public Employment Relations Board (PERB) concerning the scope of mandatory bargaining for police officers' liability insurance. The proceeding is for review of agency action as authorized by Iowa Code section 17A.19 (1989). After considering the respective arguments presented by the City, the union, and PERB, we affirm the judgment of the district court.

Since the inception of the Public Employment Relations Act in 1975, the City and the union have periodically negotiated collective bargaining agreements. Wage agreements have been negotiated annually and nonwage items are negotiated every third year. In 1989, nonwage items were open for negotiation. One of the City's proposals on that occasion was the elimination of the second sentence contained in section 10.02 of the collective bargaining agreement then existing. We set that clause forth in its entirety with the disputed portion italicized:

Section 10.02: *Indemnity.*

The City shall maintain full and adequate liability insurance coverage for all officers and policemen for all acts and omissions in the performance as police officers of the City. *In the event of the failure to maintain such coverage, the City agrees and undertakes to indemnify and save harmless all officers and employees against any and all liability, damages, expenses, cause of action, suits, claims, penalties or judgments arising as a result thereof, and the City shall at its own expense, defend any and all suits or actions which may be brought against any employee, in which said employee may be impleaded with others upon any matter or things arising therefrom and the City shall satisfy, pay and discharge any and all judgments against any employee in*

*any such suit or actions which against them may be brought, or in which they may be impleaded with others.*

(Emphasis added.)

The City took the position that indemnity of the type described in the existing section 10.02 was not a topic of mandatory bargaining under Iowa Code section 20.9 (1989). It sought a ruling to that effect from PERB. While that request was being considered by the agency, the union presented a new proposal that would amend section 10.02 of the agreement to read as follows:

Section 10.02. *Liability Insurance Coverage.*

The City shall maintain, at its expense, full and adequate liability insurance coverage for all police officers for all acts and omissions in the performance of their duties as police officers of the City. Such coverage shall also insure the police officers against claims for punitive or exemplary damages arising out of such acts. The limits of liability for coverage for punitive or exemplary damages shall not be less than one million dollars per person and one million dollars per occurrence.

The City took the position that the portion of this requested amendment relating to insurance against punitive damages was not a topic of mandatory bargaining and sought a ruling from PERB on that question also.

Ultimately, PERB determined that, as to the existing section 10.02, the first sentence, dealing with liability insurance, involved a topic of mandatory bargaining. The agency also determined that the second sentence, dealing with indemnity, did not. Concerning the union's proposed amendment to section 10.02, PERB ruled that the entire scope of that proposal, including the portion relating to insurance against punitive damage claims, was a topic of mandatory bargaining.

On judicial review under section 17A.19, the district court affirmed both of PERB's conclusions. The City has appealed, asserting that liability insurance covering punitive damages is not a topic of mandatory bargaining. The union has also appealed, asserting that PERB erred in concluding that the sentence in the existing agreement dealing with indemnity was not a topic of mandatory bargaining. We will separately discuss the issues on the respective appeals.

## I. *The City's Appeal.*

We first consider the City's contention that liability insurance against punitive damages is not a topic of mandatory bargaining under section 20.9. We have previously espoused a two-prong test in considering questions of this nature. We first determine whether the subject matter of the disputed item is fairly included within one of the mandatory bargaining topics listed in section 20.9; then we consider whether bargaining as to that matter would be contrary to any statute (*see* Iowa Code § 20.28) or other legal prohibition. *See Aplington Community Sch. Dist. v. Iowa PERB*, 392 N.W.2d 495, 498 (Iowa 1986); *City of Mason City v. PERB*, 316 N.W.2d 851, 853 (Iowa 1982); *Marshalltown Educ. Ass'n v. PERB*, 299 N.W.2d 469, 470–71 (Iowa 1980).

The agency has previously determined that employee liability insurance for job-related acts or omissions is a mandatory topic of bargaining. *See In re Area I Vocational–Technical Sch. Dist. & Area I Higher Educ. Ass'n*, 76 PERB 650, at 1 (1976). In the decision so declaring, the agency stated:

Because the Act does not specifically describe the type of insurance bargainable, it is our opinion that any insurance matters which reasonably relate to the employment relationship are mandatory subjects of bargaining. Because the insurance sought in the above clause [employee liability insurance for actions taken in the scope of employment] reasonably relates to performance of employee duties, it is our judgment that the clause constitutes a mandatory subject of bargaining under the Act.

*Id.* at 2. The City does not dispute the general proposition that "insurance," as employed in section 20.9, includes liability

insurance. It seeks, however, to draw a distinction in the case of employee liability insurance against punitive damages.

■ The governing consideration in deciding this dispute is whether liability insurance against punitive damages is somehow different in its basic nature from liability insurance against compensatory damages so as to require that a distinction be drawn for purposes of section 20.9. We believe that it is not. We recognized in *Skyline Harvestore Systems, Inc. v. Centennial Insurance Co.*, 331 N.W.2d 106 (Iowa 1983), that "business and professional persons, firms and corporations constantly face the perils of punitive damage awards in their daily operation of business." *Id.* at 109. We observed in that case that it is the reasonable expectation of the insurance purchasing community that liability insurance will cover both actual and punitive damages unless some express determination to the contrary has been effected. *Id.*

Police officers are particularly subject to punitive damage claims because of their occupation. The question of whether an award for punitive damages is to be allowed may turn on sharply disputed testimony that permits a jury to go either way on the issue. Unfortunately, we do not live in a perfect world where only meritorious claims are litigated or where, in all cases, only those witnesses testifying truthfully are believed by judicial fact finders. If, as it is conceded in this litigation, the term "insurance," as a topic of mandatory bargaining, includes liability insurance it was entirely reasonable for the agency to conclude that the scope of such insurance should be a matter for the arbitrator to determine in the particular contract negotiation. We believe this is basically an economic question rather than an issue of principle aimed at curbing improper conduct by police officers.

The City argues that irrespective of the interpretation placed on section 20.9 there are three reasons that mandatory arbitration of punitive damage benefits would be contrary to law. These are: (1) that the City would be indirectly forced to waive its own immunity for punitive damages through the purchase of liability insurance against that type of award, (2) that section 613A.8 makes it optional as to whether a city acquires insurance against punitive damages to protect its officers and employees, and (3) that the conduct for which punitive damages may be awarded is necessarily outside of the employees' scope of employment.

With respect to the first argument advanced by the City, we find nothing in section 613A.4(5) or section 613A.7 that would result in a waiver of the City's immunity from punitive damages through the purchase of liability insurance, which covered the liability of its employees against that type of award. The liability of the City's employees is separate and distinct from its own liability, and the purchase of separate liability insurance for the respective entities is authorized by section 613A.7 and section 613A.8.

With respect to the argument that section 613A.8 makes it optional as to whether a city acquires insurance against punitive damages to protect its officers and employees, it is apparent that most of the topics that have been made the subject of mandatory bargaining under section 20.9 relate to items that the employer is not otherwise obligated by law to provide. We believe the real significance of section 613A.8, as it applies to the present dispute, is that this statute gives a clear indication that there is no legislative policy against cities paying for such insurance on behalf of their employees.

Finally, we must reject the City's claim that the conduct that must exist for an award of punitive damages is necessarily outside the employees' scope of employment. The cases cited by the City in support of that contention fall short of the mark. Both *Roberts v. Timmins*, 281 N.W.2d 20 (Iowa 1979), and *Lamantia v. Sojka*, 298 N.W.2d 245 (Iowa 1980), were decided at a time when section 613A.2 provided that an employee's act or omission must have been in good faith and in the interests of the municipality in order to be deemed within the scope of employment.

The legislature amended section 613A.2 in 1982, eliminating the "in good faith and in the best interests of the municipality" requirement. 1982 Iowa Acts ch. 1018, § 3. We view that amendment as a legislative recognition that malicious acts of employees may, at times, be within the scope of their employment.

We do not suggest that an employee can never commit on-the-job acts that would properly be deemed to be outside the scope of employment. The critical point is that punitive damages may be awarded for acts that are within the scope of the actor's employment with the City. It is for those situations that the union seeks mandatory bargaining on its proposed amendment of section 10.02 of the agreement. The PERB properly concluded that it was entitled to do so.

## II. *The Union's Appeal.*

■ The union asserts that the district court erred in upholding PERB's determination that the second sentence of section 10.02 of the existing agreement did not involve a topic of mandatory bargaining. We disagree. As the agency correctly observed, that sentence merely purports to state the measure of the City's liability for failing to honor its contractual duty to provide liability insurance for police officers for acts and omissions in the performance of their duties. We find nothing in section 20.9 that mandates bargaining as to the measure of the City's breach-of-contract liability. In so deciding, however, we in no way suggest that the legal measure of damages for such "failure to insure" liability differs from that which was described in section 10.02 of the existing agreement.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed on both appeals.

**AFFIRMED ON BOTH APPEALS.**

All Justices concur except SCHULTZ, J., and McGIVERIN, C.J., HARRIS and SNELL, JJ., who dissent.

SCHULTZ, Justice (dissenting).

I disagree with division I of the majority opinion, accordingly, I dissent. I would hold that the matter of liability insurance to cover officers for punitive damage awards is not a subject of mandatory bargaining.

In our previous construction of Iowa Code section 20.9, we found legislative intent to adopt a restrictive and narrow approach to interpreting the subjects listed in this section when considering whether mandatory bargaining applied to them. *Charles City Community Sch. Dist. v. PERB*, 275 N.W.2d 766, 772–73 (Iowa 1979); *City of Fort Dodge v. Iowa PERB*, 275 N.W.2d 393, 398 (Iowa 1979). We have employed a two-step analysis for determining whether a proposal falls within the scope of mandatory bargaining: (1) it must come within the meaning of one of the subjects listed in section 20.9; and (2) there must be no legal prohibition against bargaining on the particular topic. *Charles City Educ. Ass'n v. PERB*, 291 N.W.2d 663, 666 (Iowa 1980).

The majority opinion did not apply a restrictive approach. It incorrectly utilized the "reasonable expectation" doctrine, a principle applicable to insurance policy interpretation rather than statutory construction.

Our task should be to determine whether the legislature intended mandatory bargaining for insurance for punitive damage awards. At first blush, the unrestrictive term "insurance" might appear to cover any type of insurance that an employer might secure for the benefit of an employee. Reason tells us, however, that the legislature did not intend to cover all possible kinds of insurance available to an employee. For example, I do not believe the legislature intended that insurance coverage that protects an employee from the loss of his home or personal property would be subject to mandatory bargaining. While the statute in question speaks to "insurance," we have often concluded that the manifest intent of the legislature prevails over the literal import of the words

used. *In re N.H.,* 383 N.W.2d 570, 572 (Iowa 1986).

In ascertaining that intent, we consider the object sought to be accomplished along with the evils sought to be remedied. We will seek a reasonable interpretation which will best affect the purpose of the statute and avoid absurd results.

*Id.* (citations omitted).

I recognize that an award of punitive damages against an employee may arise from activities performed during working hours, a situation related to employment and different from the loss of personal property used in my earlier example. Punitive damages are awarded for willful and wanton misconduct and are justified because they serve as punishment to the wrongdoer and as a deterrent to others. *Briner v. Hyslop,* 337 N.W.2d 858, 865 (Iowa 1983). In *Briner,* we held that a private employer is only responsible for punitive damages for the acts of an employee when the employer authorized the acts or when an employee is acting in a managerial capacity. *Id.* at 867. At the time Iowa cost of insurance for punitive damages would be destroyed if we were to determine punitive damage insurance was a mandatory subject of bargaining.

I would hold the legislature never intended to include coverage for employee punitive damages under the topic of "insurance" in section 20.9. Consequently, I would reverse the district court's judgment in this respect.

McGIVERIN, C.J., and HARRIS and SNELL, JJ., join this dissent.